UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

| | |
|---|---|
| SAVANNAH BARROWS and MICHAEL MENDEZ, individually and on behalf of all other persons similarly situated,<br><br>                                              Plaintiffs,<br><br>- against -<br><br>BRINKER RESTAURANT CORPORATION, d/b/a CHILI'S GRILL & BAR,<br><br>                                        Defendants. | Index No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>5:19-CV-144[GLS/ATB]<br><br>**JURY TRIAL** |

Plaintiffs, by their attorneys Gattuso & Ciotoli, PLLC, and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") § 190 *et seq.*, § 663, § 651 et seq., and § 650 et seq.; 12 New York Codes, Rules, and Regulations ("NYCRR") § 146-1.2, 146-1.3, 146-1.6, 146-1.7, 146-2.2, 146-2.3, 146-2.9; on behalf of Named Plaintiffs and a putative class and collective of individuals who furnished labor to Defendants BRINKER RESTAURANT CORPORATION d/b/a CHILI'S GRILL & BAR (collectively "Defendants"), and and/or other entities affiliated or controlled by Defendants, individually, to recover unpaid minimum wages, "spread of hours" compensation, uniform maintenance payments, and unpaid tips and gratuities for work performed on behalf of Defendants by Named Plaintiffs and other members of the putative class (collectively "Plaintiffs").

2.     Defendants operate a single integrated business, consisting of over one

1

thousand restaurants known as Chili's Grill & Bar, which are businesses engaged in the food service, catering and restaurant industry.

3.      Throughout Plaintiffs' employment, Defendants' single integrated enterprise has jointly employed Plaintiffs, who performed work at Defendants' Restaurants.

4.      Defendants' Restaurants constitute and represent the "Chili's" restaurant brand.  All Defendant Restaurants use the same internal and external logos (the "Chili's logo"), same or similar interior décor, including same or similar table tops, chair covers, plates and etc., the same or similar menus which list Defendant Restaurants on their headings, require Plaintiffs to wear the same or similar uniforms with the Chili's logo, share supplies, perform the same or similar food services, have the same or similar signage, use the same computer database to record sales and business information for all restaurants, and maintain websites that advertise the locations and phone numbers for all Defendant Restaurants.

5.      Plaintiffs perform the same basic job duties, are subject to the same employment policies and practices, and are directed and/or permitted by Defendants to perform work at multiple Defendant Restaurants locations.

6.      Beginning in approximately January 2013 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay Plaintiffs earned minimum wages for work they performed on behalf of Defendants.

7.      Beginning in approximately January 2013 and, upon information and belief, continuing through the present, Defendants engaged in a policy and practice of

requiring Plaintiffs to regularly work over ten (10) hours per day without providing "spread of hours" compensation, as required by applicable New York State law.

8.      Beginning in approximately January 2013 and, upon information and belief, continuing through the present, Defendants did not monitor and/or record all of the actual hours worked by Plaintiffs.

9.      Beginning in approximately January 2013 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of unlawfully retaining Plaintiffs' tips.

10.     Beginning in approximately January 2013 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay uniform maintenance pay as required under 12 NYCRR § 146-1.7.

11.     Beginning in approximately January 2013, and upon information and belief, until the present, Defendants charged customers a gratuity on all bills and catered events.

12.     Beginning in approximately January 2013, and upon information and belief, until the present, Defendants engaged in a policy and practice of failing to properly remit the entire gratuity to Plaintiffs, in violation of NYLL Article 6 § 196-d and the cases interpreting the same.

13.     Beginning in approximately January 2013 and, upon information and belief, until the present, Defendants instituted the practice of depriving their employees of minimum wages, spread of hours compensation and failing to remit all tips and gratuities as required by federal and state law.

14.     Defendants failed to provide proper wage notices and wage statements to

3

Plaintiffs in violation of state law.

15.     Defendants have applied the same employment policies, practices and procedures to all Plaintiffs that worked for Defendants, at all Defendant Restaurant locations.

16.     Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages, "spread of hours" compensation, uniform maintenance pay, and unpaid tips and gratuities that they were deprived of, as well as damages for Defendants' failure to provide Plaintiffs with wage notices and wage statements, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

17.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

18.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

19.     The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violations is three (3) years.

20.     The statute of limitations under NYLL § 198(3) is six (6) years.

## VENUE

21.     Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

22.     Named Plaintiff SAVANNAH BARROWS is an individual and resident of Liverpool, New York.

23.     Named Plaintiff MICHAEL MENDEZ is an individual and resident of Liverpool, New York.

24.     Defendant Brinker Restaurant Corporation is a foreign business corporation organized and existing under the laws of the State of Virginia, with a principle place of business located at 6820 LBJ Freeway, Dallas, Texas, 75240, and does business as Chili's Grill & Bar.

25.     Defendant employed Plaintiffs and similarly situated employees at all relevant times.

26.     Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

27.     Defendant is a single integrated enterprise that jointly employed Plaintiffs and members of the putative class and collective at all locations at all relevant times.

28.     Defendant centrally controlled the labor relations of the various Chili's Grill & Bar Restaurants.

29.     During all relevant times, Defendants have transferred and/or permitted employees to be shared by and between the Defendants' Restaurants without retraining.

30.     At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiffs, including payroll and other employment practices.

31.     At all relevant times, all Defendant Restaurants applied and still apply the same employment policies, practices, and procedures to Plaintiffs, including with respect to minimum wage compensation, unlawful tip retention practices, uniform maintenance

5

pay, wage notices and wage statement violations and/or "spread-of-hours" pay.

32.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

33.     Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

34.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

35.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as bus persons, waiters, captains, food runners, bartenders and all other employees who regularly and customarily receive tips.

36.     Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to pay minimum wages, and unlawfully retaining employees' tips.

37.     The putative class is so numerous that joinder of all members is impracticable.  The size of the putative class is believed to be in excess of 100 employees.  In addition, the names of all potential members of the putative class are not known.

38.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay the minimum wage

6

for all hours worked; (2) whether Defendants were entitled to utilize a "tip credit" against the minimum wage payment; (3) whether the Defendants failed to pay "spread of hours" compensation; (4) whether Defendants charged customers a gratuity on all bills; (5) whether Defendants and/or their agent(s) unlawfully retained employees' tips, or unlawfully allowed employees ineligible to share in tip pools to take shares of tips from tip pools; (6) whether Defendants had a policy of requiring tipped employees to performed Non-Tipped Work for a minimum of 2 hours or more a day and/or for more than twenty percent (20%) of their time at work in a day, whichever is less; and (7) whether Defendants failed to provide Plaintiffs with proper wage notices and wage statements during the time of their employment.

39.   The claims of the Named Plaintiffs are typical of the claims of the putative class members.   Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practice of failing to pay minimum wages, and unlawfully retaining the tips and gratuities of employees, along with uniform maintenance pay violations and other wage violations.

40.   Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.   Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

41.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants.   A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

42.     Named Plaintiff Barrows worked for Defendants as a server, shift manager, and in other positions at Chili's Grill & Bar location in Clay, New York from approximately March 2015 through January 2019.

43.     Named Plaintiff Barrows typically worked as a server four to six days per week from March 2015 to January 2019. Named Plaintiff Barrows generally worked approximately four to 12 hours a day.

44.     Named Plaintiff Barrows often worked as a Shift Manager during days when she also worked as a server. For the hours which she worked as a Shift Manager, she would be paid at the full New York minimum wage rate; during hours which she worked as a server, she would be paid at the lower "tip-credit" minimum wage rate.

45.     Named Plaintiff Barrows was required to provide a portion of the tips she received from customers to other employees. Specifically, 2% of the gross receipts for tables she served were pooled from Barrows' tips to bartenders on staff; 2% of the gross receipts for tables she served were pooled from Barrows' tips to food runners; and 1% of the gross receipts from tables she served were pooled from Barrows' tips to "expeditors."

46.     Upon information and belief, "expeditors" do not fall within the category of employees who "customarily and regularly receive tips," and are thus permitted to partake in tip pools pursuant to 12 N.Y.C.R.R. § 146-2.14(e) or 29 C.F.R. § 531.54.

47.     Upon information and belief, the sharing of tips with expeditors violates the requirement of 29 U.S.C. § 203(m)(2)(A)(ii) that, in order for a tip credit to be applied against an employee's wages, "all tips received by such employee [must] have been retained by the employee, except that this subsection shall not be construed to

prohibit the pooling of tips among employees who customarily and regularly receive tips."

48.     Named Plaintiff Barrows regularly worked as both a server and as a shift manager on the same day and was paid the full minimum wage for her hours worked as a shift manager, and the tip-credit minimum wage for her hours worked as a server.

49.     Upon information and belief, "shift managers" do not constitute an occupation in which tips are customarily received.

50.     12 N.Y.C.R.R. § 146-3.3(c) requires that "an employee may not be classified as a service employee [for whom employers are entitled to take a tip credit against minimum wage payments] on any day in which she or he has been assigned to work at an occupation in which tips are not customarily received for two hours or more or for more than 20 percent of her or his shift, whichever is less."

51.     Upon information and belief, Plaintiff Barrows regularly was assigned to work at occupations in which tips are not customarily received for more than the lesser of two hours or 20 percent of her shift, whichever is less, but Defendants still took a tip credit against minimum wage for at least a portion of the hours worked by Barrows on those days.

52.     Upon information and belief, Plaintiff Barrows was classified by Defendants as eligible to be paid at the lower "tip-credit" minimum wage even on days for which she was precluded from being so classified pursuant to 12 N.Y.C.R.R. § 146-3.3(c).

53.     While working for Defendant, Plaintiff Barrows was required to wear and maintain a "Chili's" uniform.

54.     Plaintiff Barrows did not receive Uniform Maintenance Pay as required under 12 N.Y.C.R.R. § 146-1.7.

55.     Upon information and belief, Plaintiff Barrows was not furnished with sufficient number of uniforms consistent with the average number of days per week worked by her.

56.     Upon information and belief, Plaintiff Barrows worked on days where the time between the start time and end time of her shift exceeded ten hours without receiving "spread of hours" pay as required under 12 N.Y.C.R.R. § 146-1.6.

57.     Named Plaintiff Mendez worked for Defendants as a food runner, expeditor, host, "to go" worker, and in other positions at Chili's Grill & Bar location in Clay, New York from approximately October 2017 through the present. From approximately April 2017 through approximately September 2017, Named Plaintiff Mendez worked as an expeditor, host, and "to go" worker, without working as a food runner.

58.     Named Plaintiff Mendez typically worked as a four to five days per week days from April 2017 through the present. Named Plaintiff Mendez generally worked approximately 6 hours a day.

59.     Named Plaintiff Mendez typically worked as a food runner for approximately half of the time during his shifts, and as an expeditor, host, and "to go" worker for the other half. For the hours which he worked as a Food Runner, he would be paid at the lower "tip-credit" minimum wage rate; for the hours he worked in other occupations, he would be paid at the full minimum wage rate.

60.     Named Plaintiff Mendez was required to share a portion of the tips he

received from Defendants' tip pool with other employees. Specifically, during the times Mendez worked as a food runner, a portion of the tips earned that shift were remitted to expeditors.

61.    Upon information and belief, "expeditors" do not fall within the category of employees who "customarily and regularly receive tips," and are thus permitted to partake in tip pools pursuant to 12 N.Y.C.R.R. § 146-2.14(e) or 29 C.F.R. § 531.54.

62.    Upon information and belief, the sharing of tips with expeditors violates the requirement of 29 U.S.C. § 203(m)(2)(A)(ii) that, in order for a tip credit to be applied against an employee's wages, "all tips received by such employee [must] have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."

63.    Named Plaintiff Mendez regularly worked as a food runner, expeditor, host, and "to go" worker in the same day, and was paid the full minimum wage for his hours worked as an expeditor, host, and "to go" worker, and the tip-credit minimum wage for his hours worked as a food runner.

64.    Upon information and belief, "expeditors" and "hosts" do not constitute occupations in which tips are customarily received.

65.    12 N.Y.C.R.R. § 146-3.3(c) requires that "an employee may not be classified as a service employee [for whom employers are entitled to take a tip credit against minimum wage payments] on any day in which she or he has been assigned to work at an occupation in which tips are not customarily received for two hours or more or for more than 20 percent of her or his shift, whichever is less."

11

66.     Upon information and belief, Plaintiff Mendez regularly was assigned to work at occupations in which tips are not customarily received for more than the lesser of two hours or 20 percent of her shift, whichever is less, but Defendants still took a tip credit against minimum wage for at least a portion of the hours worked by Mendez on those days.

67.     Upon information and belief, Plaintiff Mendez was classified by Defendants as eligible to be paid at the lower "tip-credit" minimum wage even on days for which he was precluded from being so classified pursuant to 12 N.Y.C.R.R. § 146-3.3(c).

68.     While working for Defendant, Plaintiff Mendez was required to wear and maintain a "Chili's" uniform.

69.     Plaintiff Mendez did not receive Uniform Maintenance Pay as required under 12 N.Y.C.R.R. § 146-1.7.

70.     Upon information and belief, Plaintiff Mendez was not furnished with sufficient number of uniforms consistent with the average number of days per week worked by her.

71.     During their employment, Plaintiffs were required to perform work such as cleaning walls and tables, cleaning silverware, washing and cleaning plates and glasses, sweeping and mopping floors, setting up tables and chairs, folding napkins, performing maintenance, delivering items to storage, and taking out garbage ("Non-Tipped Work").  Plaintiffs performed this Non-Tipped Work upon information and belief, Plaintiffs performed Non-Tipped Work for approximately 2 to 4 hours of each shift they worked, generally amounting to more than twenty percent (20%) of Plaintiffs'

time at work, while being paid at the "tip-credit" minimum wage rate.

72. Upon information and belief, like Named Plaintiffs, the members of the putative class and collective were paid at a tip-credit minimum wage level below the regular minimum wage rate for time they were assigned to be servers, bussers, or bartenders, and were permitted to keep only a portion of their earned tips.

73. Upon information and belief, like Named Plaintiffs, the members of the putative class never received the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours.

74. Upon information and belief, like Named Plaintiffs, the members of the putative class never received Uniform Maintenance payments, despite being required to maintain their own uniforms and not being subject to any exceptions from Uniform Maintenance payment requirements.

75. Upon information and belief, like Named Plaintiffs, the members of the putative class performed Non-Tipped Work for approximately 2 to 4 hours of each shift they worked, generally amounting to more than twenty percent (20%) of their time at work, during days when Defendant took a tip credit against minimum wage payments.

76. Like Named Plaintiffs, the members of the putative class were required to pay a portion of their tips towards "expeditors" who were not eligible to share in tip pools.

77. Upon information and belief, under 29 U.S.C. § 201, et seq., and the cases interpreting same, Defendants constitute an "enterprise engaged in commerce."

78. Defendants constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

79.     Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

80.     Plaintiffs are employees, within the meaning contemplated in FLSA, 29 U.S.C. §203(e).

81.     Plaintiffs are employees, within the meaning contemplated, pursuant to NYLL Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

82.     The payments made by Defendants to Plaintiffs, and gratuities received by Plaintiffs constitute "wages."

83.     Defendants never provided Plaintiffs with all required wage notices during their time of employment in violation of NYLL § 195(1) and §§ 198-1(b)

84.     Defendants never provided Plaintiffs with proper wage statements or pay stubs during their time of employment in violation of NYLL §§ 195(3) and 198-1(d) and 12 NYCRR § 146-2.2 and 2.3.

### FIRST CAUSE OF ACTION:
### FLSA - MINIMUM WAGE COMPENSATION

85.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

86.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25,

2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

87.     Pursuant to 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may only be taken against the minimum wage where "all tips received by such employee have been retained by the employee, except [for] the pooling of tips among employees who customarily and regularly receive tips."

88.     Defendants required Plaintiffs to share their tips with them, the restaurant owners, as well as other of Defendants' employees who do not "customarily and regularly receive tips."

89.     Defendants failed to pay Plaintiffs all earned minimum wages for the time they worked for Defendants in any given week.

90.     The failure of Defendants to pay Plaintiffs their rightfully owed wages was willful.

91.     By the foregoing reasons, Defendants are liable to in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION:
### NEW YORK - FAILURE TO PAY WAGES

92.     Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

93.     Pursuant to Article Six of the NYLL, workers such as Plaintiffs are protected from wage underpayments and improper employment practices.

94.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

95.     As persons employed for hire by Defendants, Plaintiffs are "employees," as understood in Labor Law § 190.

96.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

97.     As an entity that hired Plaintiffs, Defendant is an "employer."

98.     Plaintiffs wage rate was within the meaning of NYLL §§ 190, 191.

99.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

100.    In failing to pay Plaintiffs proper wages for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiffs all of their wages earned within the week such wages were due.

101.    Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs that is not otherwise authorized by law or by the employee.

102.    By withholding wages from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs.

103.    Upon information and belief, Defendants' failure to pay Plaintiffs full wages every week was willful.

104.    By the foregoing reasons, Defendants have violated NYLL § 198 and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages,

interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### <u>NEW YORK - MINIMUM WAGE COMPENSATION</u>

105.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

106.    New York State law mandates that employees be paid at least a minimum hourly rate for every hour that they work. <u>See</u> 12 NYCRR §§ 146-1.2, 146-1.3.

107.    New York Labor Law § 652 requires that "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than" the amounts specified in the statute.

108.    12 NYCRR § 146-1.2 states that "[t]he basic minimum hourly rate" is a specified rate which varies based on the date and geographic location of the work performed.

109.    12 NYCRR § 146-1.3 states that "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2." Over the course of the relevant period, a food service worker must have received a wage rate which varied based upon the date and geographic location of the work performed. <u>See</u> 12 NYCRR § 146-1.3(b).

110.    12 NYCRR § 146-2.9 states that "[o]n any day that a service employee or food service worker works at a non-tipped occupation (a) for two hours or more, or (b) for more than 20 percent of his or her shift, whichever is less, the wages of the employees shall be subject to no tip credit for that day . . ."

111.    NYLL § 663 provides that "[i]f any employee is paid by his employer less

than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

112.   Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

113.   As persons employed for hire by Defendants, the Plaintiffs were "employee[s]," as understood in NYLL § 651.

114.   Pursuant to NYLL § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

115.   As an entity that hired Plaintiffs, Defendant constitutes Plaintiff "employer."

116.   Upon information and belief, Plaintiffs worked at a non-tipped occupation for more than 2 hours a day and/or more than twenty percent (20%) of their shifts, and Defendants were ineligible to take "tip-credit" and pay employees less than the minim wage for non-tipped employees pursuant to 12 NYCRR §§ 146-2.9.

117.   Upon information and belief, Defendants failed to pay Plaintiffs minimum wages for all hours worked, in violation of Title 12 NYCRR §§ 146-1.2, 146-1.3, and NYLL § 663.

118.   Upon information and belief, Defendants' failure to pay Plaintiffs minimum wages was willful.

119.   By the foregoing reasons, Defendants have violated 12 NYCRR §§ 146-1.2, 146-1.3, and NYLL § 663, and are liable to Plaintiffs in an amount to be determined

at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION:
## NEW YORK –SPREAD OF HOURS COMPENSATION

120.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

121.    Title 12 NYCRR § 146-1.6 requires that "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

122.    Defendants failed to pay Plaintiffs "spread of hours" compensation.

123.    Upon information and belief, Defendants' failure to pay "spread of hours" compensation was willful.

124.    By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION:
## NYLL § 196-d

125.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

126.    Gratuities provided by Defendants' patrons to Plaintiffs constitute "wages" as that term is defined under Article 6 of the NYLL, specifically including but not limited to NYLL §§ 193, 196-d, 198(3).

127.    Pursuant to NYLL § 196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a

gratuity or of any charge purported to be a gratuity for an employee."

128.    Labor Law § 196-d states that "[n]othing in this subdivision shall be construed as affecting…. the sharing of tips by a waiter with a busboy or similar employee."

129.    Pursuant to 12 N.Y.C.R.R. § 146-2.14, "expeditors" do not constitute a "busboy or similar employee" who is eligible to share in a tip pool.

130.    By improperly retaining the gratuities of Plaintiffs, Defendants violated NYLL § 196-d.

131.    Upon information and belief, Defendants' improper retention of gratuities earned by Plaintiffs was willful.

132.    By the foregoing reasons, Defendants have violated NYLL § 190 et seq. and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION:**
**<u>NEW YORK– FAILURE TO PROVIDE ANNUAL WAGE NOTICES</u>**

133.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

134.    Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main

office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

135.    Plaintiffs did not receive all required wage notices during their employment with Defendants.

136.    Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

137.    According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $2500, together with costs and reasonable attorney's fees..

138.    By the foregoing reasons, Defendants have violated NYLL §§ 195(1) and 198-1(b) and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**NEW YORK - FAILURE TO PROVIDE WAGE STATEMENTS**

139.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

140.    Pursuant to NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the

minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

141.    According to NYLL § 198-1(d), Plaintiffs are entitled to $100 for every week in which they did not receive a pay stub and/or wage statement, or a total of $2500, together with costs and reasonable attorney's fees.

142.    Plaintiffs did not receive proper paystubs each week that they worked.

143.    By the foregoing reasons, Defendants have violated NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION:**
**<u>UNIFORM MAINTENANCE ALLOWANCE</u>**

144.    Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

145.    The NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.5(c)(1)(i), provide that "[w]here an employer fails to launder or maintain required uniforms for any employee, he shall pay such employee in addition to the minimum wage" a weekly amount based on the number of hours worked by such employee, "where employees who work over 30 hours per week shall be paid the High rate, employees who work more than 20 hours but fewer than 30 hours shall be paid the Medium rate and employees who work 20 hours or fewer shall be paid the Low rate."

146.    Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may

recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

147.    Defendant failed to pay the Named Plaintiffs and members of the putative class their uniform maintenance allowance at the proscribed weekly amount.

148.    Upon information and belief, the failure of Defendant to pay the Named Plaintiffs and members of the putative class their rightfully owed uniform maintenance allowance was willful.

149.    By the foregoing reasons, Defendant is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated demand judgment:

(1)    on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2)    on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)    on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4)    on their fourth cause of action against Defendants, in an amount to be

determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5)     on their fifth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6)     on their sixth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(7)     on their seventh cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(8)     on their eighth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; along with

(9)     whatever other and further relief the Court may deem appropriate.

Dated:  New York, New York
        January 31, 2019

**GATTUSO & CIOTOLI, PLLC**

 s/_____
Frank S. Gattuso
7030 E. Genesee Street
Fayetteville, New York 13066
(315) 314-8000

          -and-

James Emmet Murphy
Lloyd R. Ambinder

**VIRGINIA & AMBINDER, LLP**
40 Broad Street, Seventh Floor
New York, New York 10004
(212) 943-9080

*Attorneys for the Plaintiffs and the Putative Class*