UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAVANNAH BARROWS and MICHAEL MENDEZ,
Individually and on behalf of all other persons similarly situated,

            Plaintiffs,

      v.

BRINKER RESTAURANT CORPORATION d/b/a
CHILI'S GRILL & BAR,

            Defendant.

Civil Case No.:
5:19-cv-144 (GLS/ATB)

## DECLARATION OF BRANDON LOEFFLER

I, Brandon Loeffler, declare under penalty of perjury that the following is true and correct to the best of my personal knowledge:

1.      I am the Manager, People Systems employed by Brinker International Payroll Company, L.P. ("Brinker") and have been employed in that capacity since April 2012.  I have personal knowledge of the facts contained herein.  If called as a witness to testify, I could and would competently testify to each of the facts set forth herein.

2.      I make this Declaration in support of the Renewed Motion to Compel Arbitration in the pending matter of *Barrows et al. v. Brinker Restaurant Corporation d/b/a Chili's Grill & Bar*, in the United States District Court for the Northern District of New York, Case No. 5:19-cv-144 (GLS/ATB).

3.      As the Manager, People Systems for Brinker, I am responsible for overseeing and maintaining the applicant tracking and onboarding system for new hires of store employees at Chili's restaurants and other new hire employees of Brinker.

4.      Plaintiff Barrows was employed by Brinker from June 2015 to January 2019 as a Server.

5.      Plaintiff Mendez has been employed with Brinker since April 2017 in various positions, including food runner and host.

6.      Brinker provides for online applications and online communications and tracking of steps in the applicant review, interview and hiring process at Brinker career websites, including Brinkerjobs.com, and Chilisjobs.com, utilizing Taleo software ("Taleo").  Taleo serves as a single repository for employees to complete necessary new hire and on-boarding documents specific to their employment with Brinker.  Taleo delivers new-hire and on-boarding forms electronically to individuals selected for employment, and Taleo allows employees to view and complete Brinker personnel forms.

7.      All Brinker electronic records relating to the application, review and hiring process through Taleo are made and maintained in the ordinary course of business, and in the normal course and scope of my duties, I am familiar with and the custodian of those records. The documents and records contained in the Taleo system are true and correct copies of documents created or acknowledged at or near the time of the event by employees with personal knowledge of the records or events stated therein.  The employees' files are kept in the regular course of business and accurately depict the events and activities related to those associates.

8.      When Team Members register with the Taleo system when completing an employment application they must create their own unique usernames and passwords.  Electronic signatures in Taleo are based on the unique username and password picked by the individual employee when he or she registers in the system.

9.      For Team Members who were previously employed with Pepper Dining, Inc. ("PDI"), when they logged into Taleo for the first time, they had to use a temporary password which was comprised of their work location state; birth month; birth year; and the last four digits of their social security number.

10.     Plaintiffs accessed the systems through a websecure link, which required that Plaintiffs enter their unique username and password in order to gain access.

11.     In order to access any documents or files within Taleo, the employee must log in using the unique username and password he or she created.  These security protocols protect

access to the employee's personal information and link the employee to any documents executed in Taleo.

12.     Once an employee logs in to the Taleo system using his or her unique username and password, the employee has to again enter the unique password he or she created in order to electronically execute any document in Taleo.  Entering in this unique password serves as the employee's electronic signature, and links the employee to the execution of the document.  The electronic signature is not accomplished by the employee typing his or her own name.

13.     The usernames and passwords that Team Members create are not visible or accessible to any other managers or Team Members.  Managers can only reset the password if needed and that information is tracked.

14.     In order to initiate an Employment Application, Plaintiff Mendez would have created his own unique username and password.

15.     As a required part of the online application process, Plaintiff Mendez had to answer two "Disqualification Questions" including:

> 1. Agreement to Arbitrate: To be considered for employment, you must read and agree to resolve all disputes with Brinker in accordance with Brinker's Agreement to Arbitrate Policy (click link above). Do you affirm that you have read the Agreement to Arbitrate and agree to resolve all disputes that arise between you and Brinker through formal, mandatory arbitration?

A true and correct copy of Plaintiff Mendez's Employment Application is attached as Exhibit 8.

16.     Plaintiff Mendez answered the foregoing question in the affirmative.

17.     Plaintiff Mendez electronically signed his Employment Application on March 27, 2017, which noted the IP address at which he had performed the transaction.

18.     In order to finalize the hiring process, Plaintiffs were required by Brinker to complete onboarding documents in the Taleo system, which included, among other things, acknowledging and agreeing to various Brinker policies and procedures.  Once Plaintiffs entered in their unique usernames and passwords, they were logged into the Taleo system.

19.     After logging in using Plaintiffs' unique usernames and passwords, Plaintiffs were required to enter personally identifying information, including their first name, last name, preferred first name, and contact information.  This screen would have looked like that shown in Exhibit 9, page 1.[1]   Plaintiffs were not permitted to continue to the next page of the onboarding process without completing all mandatory fields.  Once all mandatory fields were completed, Plaintiffs clicked "Next Page" to view the next screen.

20.     After using their unique usernames and passwords to log in to the Taleo system, Plaintiffs were required to acknowledge and execute the Electronic Signature Agreement on a screen like that shown in Exhibit 9, page 2.[2]   To execute the Electronic Signature Agreement, Plaintiffs had to again enter their unique password.  As shown, the entirety of the Electronic Signature Agreement was displayed on the screen.

21.     At the bottom of the screen, the Electronic Signature Agreement stated, "If you understand, accept and agree to the terms and conditions set out above, click "accept" as your electronic signature to acknowledge your acceptance and agreement.  If you do not understand or accept or agree to the terms and conditions set out above, then click 'I Disagree' and you will exit this process."   Plaintiffs completed the "Electronic Signature Agreement," affirming their willingness to sign Brinker paperwork electronically.   A true and correct copy of Plaintiff Barrow's Electronic Signature Agreement is attached as Exhibit 1.  A true and correct copy of Plaintiff Mendez's Electronic Signature Agreement is attached as Exhibit 2.   Plaintiffs clicked

---

[1] These screenshots attached as Attachment 9 were obtained by me, going through the current Taleo onboarding process as an example.  The system and branding has been updated since 2015, so the screens have a different design esthetic than what Plaintiff Barrows viewed. However, the structure, substance, and prompts for signature have remained largely the same. Where there is any substantive difference to the information presented, prompts given, or actions required by the employee between the 2015 version and the current version (as shown in Attachment 9), I have specifically noted such changes.

[2] Since 2015, the following line was added, as seen in Attachment D, page 2: "Please be aware if you select 'I Disagree' below, you will be required to complete all New Hire Forms via Paper before your first day.  You will receive the New Hire Forms in the mail."  The remainder of the Electronic Signature Agreement has remained the same since 2015.

the "I Agree" buttons, as shown in Exhibits 1 and 2, and the signed Agreements were saved in the Taleo system.

22.     Below clicking "I Agree," Plaintiffs were then prompted, "By entering my login **password** below, I confirm my **electronic signature**," as seen on Exhibit 9, page 2.  Plaintiffs had to enter their unique passwords into the text box as their electronic signature, confirming their agreement to electronically sign documents through the Taleo system.

23.     After entering their unique passwords into the text box, Plaintiffs then had to click the "SUBMIT" button to complete their signatures.  Plaintiffs' names entered on the signature lines of the Electronic Signature Agreement were then placed there by the Taleo system to show that the document was electronically signed using the unique passwords selected by Plaintiffs when they registered in the Taleo system.  *See* Exhibit 9, page 2.  Specifically, the Plaintiffs' names were pulled from the "First Name" and "Last Name" fields completed by Plaintiffs on the personal information screen at the start of the Taleo process.

24.     Plaintiffs then had the option to print a copy of the executed agreement through the "Print Preview" button or proceed to the next screen via the "Next Task" button. Importantly, because the text box for Plaintiffs' electronic signatures was a mandatory field (as indicated by the red asterisk), Plaintiffs would not be allowed by the Taleo system to click the "Next Task" button or proceed to the next screen until they had executed the Electronic Signature Agreement.  If Plaintiffs did not agree to sign documents electronically, the process would stop at that point.

25.     After accepting the Electronic Signature Agreement, Plaintiffs were presented with other tasks to complete within the onboarding system, such as selecting benefits options, completing their W-4, and electing their method of payment.  *See generally* Exhibit 9.  Details regarding the Mutual Agreement to Arbitrate and the Policies and Procedures Acknowledgement are described below.  For all other tasks, examples are shown in Exhibit 9.  The prompts to respond, as shown in Exhibit 9, are the same as they were in 2015.  There may be some substantive differences with regard to these tasks since 2015, but because these are not related to

the Agreement to Arbitrate, I have not provided details of each and every difference as to these tasks.

26.    As part of the onboarding process in Taleo, Plaintiffs were presented with the Agreement to Arbitrate, as shown in the screen shot provided at Exhibit 9, pages 10-11.  As shown, the entirety of the Mutual Agreement to Arbitrate was displayed on the screen.

27.    Plaintiffs were required to scroll through the entirety of the Agreement to Arbitrate to the bottom of the screen, where it stated in bold typeface, "**By signing below, I affirm that I have read the above Mutual Agreement to Arbitrate and agree to resolve all matters covered by the agreement through formal, mandatory arbitration as outlined above.**"  Immediately below this statement, the prompt then stated, "By entering my login **password** below, I confirm my **electronic signature**."  A text box appeared directly below this prompt for Plaintiffs to type in their unique passwords, as shown in the example screen shot provided below (and in full at Exhibit 9, pages 10-11).



28.    Plaintiff Barrows reviewed and accepted the terms of the Agreement to Arbitrate when she electronically signed it on September 13, 2015.  Plaintiff Barrows completed her onboarding documents in the Taleo system on September 13, 2015.  A true and correct copy of Plaintiff Barrow's Mutual Agreement to Arbitrate is attached as Exhibit 6.

29.    Based on information available to me on Taleo, Plaintiff Mendez registered with Brinker on February 1, 2017.  Plaintiff Mendez reviewed and accepted the terms of the Agreement to Arbitrate when he electronically signed it on April 10, 2017.  Plaintiff Mendez

accessed Taleo to complete onboarding documents on April 10, 2017.  A true and correct copy of Plaintiff Mendez's Mutual Agreement to Arbitrate is attached as Exhibit 7.

30.     In order to electronically execute the Agreement to Arbitrate, Plaintiffs had to enter their unique passwords into the text box as their electronic signatures, confirming their agreement to be bound by the Mutual Agreement to Arbitrate.  After entering their unique password into the text box, Plaintiffs then had to click the "SUBMIT" button to complete their signatures.  Plaintiffs' names were then placed there by the Taleo system to show that the document was electronically signed using the unique passwords selected by Plaintiffs when they registered in the Taleo system.  Specifically, Plaintiffs' names were pulled from the "First Name" and "Last Name" fields completed by Plaintiffs on the personal information screen at the start of the Taleo process.

31.     As shown above, Plaintiffs then had the option to print a copy of the executed agreement through the "Print Preview" button or proceed to the next screen via the "Next Task" button.  Importantly, because the text box was a required field (as indicated by the red asterisk), Plaintiffs would not be allowed by the Taleo system to click the "Next Task" button or proceed to the next screen until they had executed the Agreement to Arbitrate.

32.     At all times during Plaintiffs' employment, Brinker also maintained a well-publicized and mandatory policy requiring its team members to agree to resolve all disputes arising out of or relating to their employment through binding arbitration on an individual basis.

33.     Over the years, Brinker has used various methods for communicating with applicants and team members about its arbitration policy and its Agreement to Arbitrate.  For example, Brinker has maintained and distributed a Team Member Policies and Procedures Manual (the "Team Member Manual"), which includes the full text of the Agreement to Arbitrate.  As part of its standard orientation process, Brinker makes the Team Member Manual available to all team members through the Company's well-publicized intranet site, and hard copies are also available upon request.

34.     The Team Member Manual in effect during the period of Plaintiffs' employment included the Agreement to Arbitrate, as well as an express advisement and acknowledgement that the Agreement is a binding agreement.  The Team Member Manual has also included an express advisement that the Agreement to Arbitrate could be amended or modified upon reasonable notice.  A true and correct copy of the Agreement to Arbitrate in the Team Member Manual is attached as Exhibit 3.

35.     Both Plaintiffs signed an acknowledgement certifying that they had received Brinker's Team Member Manual, including the Arbitration Policy, and agreed to comply with the terms of each policy.  A true and correct copy of Plaintiff Barrow's Acknowledgement is attached as Exhibit 4.  A true and correct copy of Plaintiff Mendez's Acknowledgment is attached as Exhibit 5.

36.     The stand-alone versions of the Agreement to Arbitrate are substantively identical to the versions contained in the Team Member Manual.  As part of the onboarding process through Taleo, Plaintiffs were presented with the Arbitration Policy, and the Parties entered into an Agreement to Arbitrate.

37.     Plaintiffs were also provided with the Receipt of Brinker's Policies and Procedures Manual, as seen on the screen shot provided at Exhibit 9, page 3.  As shown, the employee was first prompted to read the Policies and Procedures Manual through the provided link.  The screen then states, "I acknowledge that I have received a copy of the Brinker Hourly Team Member Policies and Procedures Manual or reviewed its contents on-line.  I have read it, understand it, and agree to follow the policies, procedures and practices."[3]  The Agreement to Arbitrate is the first policy specifically enumerated on this acknowledgment screen.

38.     Plaintiffs were then required to scroll to the bottom of the screen, where the Receipt of Brinker's Policies and Procedures Manual then states the following prompt: "My

---

[3] The first sentence of this language has been altered slightly since 2015, calling the document the "Handbook" instead of Policies and Procedures Manual and removing the language regarding reviewing its contents on-line, as seen in comparison of Exhibits 4 and 5.  Substantively, this document has remained the same since 2015.

signature below, or electronic signature, indicates that I have read, understand and am in compliance with each policy in the Manual and is a condition of my employment with Brinker.  I further understand that if I violate the terms of the policies during the course of employment, I may be subject to discipline, up to and including termination."  *See* Exhibit 9, page 3.  Below this statement, a prompt stated, "By entering my login **password** below, I confirm my **electronic signature**."  A text box appeared directly below this prompt for Plaintiffs to type in their unique passwords.

39.     Both Plaintiffs signed an acknowledgement certifying that they had received Brinker's Team Member Manual, including the Arbitration Policy, and agreed to comply with the terms of each policy, as shown in Exhibits 4 and 5.

40.     In order to electronically execute the Receipt of Brinker's Policies and Procedures Manual, Plaintiffs had to enter their passwords into the text box as their electronic signatures. After entering their unique passwords into the text box, Plaintiffs then had to click the "SUBMIT" button to complete their signatures.  Plaintiffs' names entered on the signature lines of the Receipt of Brinker's Policies and Procedures Manual were then placed there by the Taleo system to show that the document was electronically signed using the unique passwords selected by Plaintiffs when they registered in the Taleo system.  Specifically, Plaintiffs' names were pulled from the "Preferred First Name" and "Last Name" fields completed by Plaintiffs on the personal information screen at the start of the Taleo process.

41.     As shown on Exhibit 9, page 3, Plaintiffs then had the option to print a copy of the executed document through the "Print Preview" button or proceed to the next screen via the "Next Task" button.  Importantly, because the text box was a required field (as indicated by the red asterisk), Plaintiffs would not be allowed by the Taleo system to click the "Next Task" button or proceed to the next screen until they had executed the Receipt of Brinker's Policies and Procedures Manual.

42.     Upon completing all required documents in the Taleo system, employees are then notified that the onboarding process has been completed.  *See* Exhibit 9, page 16.

43.     I have reviewed Plaintiff Barrows' and Plaintiff Mendez's Taleo files and all the on-boarding documents for Plaintiffs as those records are maintained by Brinker in the regular course of business.  As stated above, Plaintiffs' files contain an Electronic Signature Agreement, an Agreement to Arbitrate, and a Receipt of Brinker's Policies & Procedures Manual, and signed electronically by Plaintiffs, as shown in Exhibits 1-2, 4-7.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2020.

*Brandon Loeffler*
BRANDON LOEFFLER

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on April 27, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ Kristi Rich Winters*
Kristi Rich Winters

# EXHIBIT 1

**Electronic Signature Agreement**

Brinker utilizes electronic signatures to verify that applicants and employees have received and agreed to certain documents and information. Please click below to indicate that you voluntarily agree to enter into electronic agreements with Brinker using your electronic signature. By indicating "I agree," you voluntarily acknowledge that your electronic signature is the legal equivalent of your manual signature and that Brinker may rely on such signature, and that it has the same force and effect as if actually signed by you in writing. You also agree that you understand it is a violation of Brinker company policy to electronically sign a document for anyone else for any reason. Your agreement to use electronic signatures may be revoked at any time upon written notice to Brinker, but that revocation will only operate prospectively and will not alter the enforceability of any electronic signature made before the revocation. You may print out a copy of this form for your records.

If you understand, accept and agree to the terms and conditions set out above, click "accept" as your electronic signature to acknowledge your acceptance and agreement. If you do not understand or accept or agree to the terms and conditions set out above, then click "I Disagree" and you will exit this process.

⦿ [I AGREE]   ◯ [I DISAGREE]

Name (Printed): Savannah Barrows   Date: 9/13/15

Signature: Savannah Barrows   IP Address: 63.163.55.1

Employee SS#: 089746566

Brinker International Payroll Company, L.P.—

# EXHIBIT 2

**Electronic Signature Agreement**

Brinker utilizes electronic signatures to verify that applicants and employees have received and agreed to certain documents and information. Please click below to indicate that you voluntarily agree to enter into electronic agreements with Brinker using your electronic signature. By indicating "I agree," you voluntarily acknowledge that your electronic signature is the legal equivalent of your manual signature and that Brinker may rely on such signature, and that it has the same force and effect as if actually signed by you in writing. You also agree that you understand it is a violation of Brinker company policy to electronically sign a document for anyone else for any reason. Your agreement to use electronic signatures may be revoked at any time upon written notice to Brinker, but that revocation will only operate prospectively and will not alter the enforceability of any electronic signature made before the revocation. You may print out a copy of this form for your records.

If you understand, accept and agree to the terms and conditions set out above, click "accept" as your electronic signature to acknowledge your acceptance and agreement. If you do not understand or accept or agree to the terms and conditions set out above, then click "I Disagree" and you will exit this process.

⊙ [I AGREE]   ◯ [I DISAGREE]

Name (Printed): Michael Mendez      Date: 4/8/17

Signature: Michael Mendez      IP Address: 24.59.74.175

Employee SS#: 127880014

Brinker International Payroll Company, L.P.—

# EXHIBIT 3

## Chapter 2
## AGREEMENT TO ARBITRATE

BRINKER MAKES AVAILABLE CERTAIN INTERNAL PROCEDURES FOR AMICABLY RESOLVING ANY COMPLAINTS OR DISPUTES YOU HAVE RELATING TO YOUR EMPLOYMENT. SEE SECTIONS 3.2 AND 3.3. HOWEVER, IF YOU ARE UNABLE TO RESOLVE ANY SUCH COMPLAINTS OR DISPUTES TO YOUR SATISFACTION INTERNALLY, THE RESOLUTION OF ALL DISPUTES THAT ARISE BETWEEN YOU AND BRINKER WILL BE THROUGH FORMAL, MANDATORY ARBITRATION BEFORE A NEUTRAL ARBITRATOR.

BECAUSE OF, AMONG OTHER THINGS, THE DELAY AND EXPENSE WHICH RESULT FROM THE USE OF THE COURT SYSTEMS, ANY LEGAL OR EQUITABLE CLAIMS OR DISPUTES ARISING OUT OF OR IN CONNECTION WITH EMPLOYMENT, TERMS AND CONDITIONS OF EMPLOYMENT, OR THE TERMINATION OF EMPLOYMENT WITH BRINKER WILL BE RESOLVED BY BINDING ARBITRATION INSTEAD OF IN A COURT OF LAW OR EQUITY. THIS AGREEMENT APPLIES TO ALL DISPUTES INVOLVING LEGALLY PROTECTED RIGHTS (E.G., LOCAL, STATE AND FEDERAL STATUTORY, CONTRACTUAL OR COMMON LAW RIGHTS) REGARDLESS OF WHETHER THE STATUTE WAS ENACTED OR THE COMMON LAW DOCTRINE WAS RECOGNIZED AT THE TIME THIS AGREEMENT WAS SIGNED. THIS AGREEMENT DOES NOT LIMIT YOUR ABILITY TO COMPLETE ANY EXTERNAL ADMINISTRATIVE REMEDY (SUCH AS WITH THE EEOC).

©2013 PROPRIETARY AND CONFIDENTIAL BRINKER INTERNATIONAL PAYROLL COMPANY, L.P. ALL RIGHTS RESERVED.

This policy substitutes one legitimate dispute resolution form (arbitration) for another (litigation), thereby waiving any right of either party to have the dispute resolved in court. This substitution involves no surrender by either party, of any substantive statutory or common law benefits, protection or defense for individual claims. You do waive the right to commence or be party to any representative, collective or class action.

## ARBITRATION RULES

The arbitration proceedings shall take place in or near the city where you worked.

Each party is entitled to representation by an attorney throughout the proceedings at their own expense. Each party shall bear their own fees and expenses, unless otherwise awarded by the arbitrator in the final written decision.

A written notice of your intention to arbitrate must be submitted in writing within the applicable statute of limitations. The notice shall contain: (1) the name, address and telephone number for all the parties; (2) the name, address and telephone numbers of all counsel; (3) a brief statement of the nature of the dispute, including all individual claims raised; (4) the amount in controversy and (5) the remedy sought. The notice shall be sent to: General Counsel, Brinker International, 6820 LBJ Freeway, Dallas, TX 75240.

The Respondent shall answer in writing within thirty (30) business days of the receipt of the notice to arbitrate.

Within ten (10) business days thereafter, both parties shall submit to the other a list of three (3) qualified arbitrators. An arbitrator must be qualified in employment laws and any other areas of law referenced in this notice.

An arbitrator shall be selected within thirty (30) business days thereafter. If the parties cannot agree, they shall submit any pleadings (notice, answer, etc.) and a list of arbitrators to the American Arbitration Association (AAA) to select a qualified arbitrator. AAA may select an individual not on either party's list who is qualified as set out above.

The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply throughout the arbitration unless modified by the mutual agreement of the parties, or the arbitrator.

Discovery (interrogatories, document production and depositions), as authorized by the arbitrator, shall commence upon the selection of an arbitrator and shall be completed within six (6) months from that date. The time frame may be modified by mutual agreement, or by the arbitrator.

The arbitrator may not consolidate more than one person's claims and may not otherwise preside over any form of a representative, collective or class proceeding.

The arbitrator shall hear the case no more than forty-five (45) business days after discovery is completed.

Parties may submit briefs and one rebuttal brief or such other submittals as the arbitrator decides.

©2013 Proprietary and Confidential Brinker International Payroll Company, L.P. All Rights Reserved.

Brinker Policies & Procedures Manual                                    Brinker Team Members

WITHIN TWENTY (20) DAYS OF THE CLOSE OF THE HEARING, THE ARBITRATOR SHALL ISSUE A WRITTEN DECISION AND AWARD (IF ANY) STATING THE REASONS FOR THE DECISION AND AWARD.  THE ARBITRATOR MAY AWARD INDIVIDUAL RELIEF ONLY. THE DECISION SHALL BE FINAL AND BINDING ON BOTH PARTIES, THEIR HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS AND ASSIGNS, AND MAY BE ENTERED AND ENFORCED IN ANY COURT OF COMPETENT JURISDICTION.  PROCEEDINGS TO ENFORCE, CONFIRM, MODIFY OR VACATE THE DECISION WILL BE CONTROLLED BY AND CONDUCTED IN CONFORMITY WITH THE FEDERAL ARBITRATION ACT 9 U.S.C. SEC. 1 ET SEQ. OR APPLICABLE STATE LAW.

[REVISED 7/2011]

            ©2013 PROPRIETARY AND CONFIDENTIAL BRINKER INTERNATIONAL PAYROLL COMPANY, L.P.  ALL RIGHTS RESERVED.

# EXHIBIT 4

**RECEIPT OF BRINKER'S HOURLY TEAM MEMBER POLICIES & PROCEDURES MANUAL**

I acknowledge that I have received a copy of the Brinker Hourly Team Member Policies and Procedures Manual or reviewed its contents on-line.  I have read it, understand it, and agree to follow the policies, procedures and practices.  Additionally, I agree to ask for an explanation from my manager or from the PeopleWorks Department if there is anything in the Manual that I don't understand.

I acknowledge that I have read following specific sections of the Manual and agree to contact my manager at the restaurant or the PeopleWorks Department at 1-800-770-8800 regarding anything I don't understand prior to acknowledging this form:

1.  Agreement to Arbitrate
2.  Release and Waiver of Liability Policy
3.  Equal Employment Opportunity and Anti-Harassment Policy
4.  Problem Resolution Procedures /Whistle Blower Policy
5.  Employment at Will Policy
6.  Drug and Alcohol Abuse Policy
7.  Alcohol Service Policy
8.  Team Member Weapons Policy
9.  Workplace Violence Policy
10. Personal Relationships Between  Team Members Policy
11. Americans with Disabilities Act Policy
12. Supplier Partner Support Policy
13. Time Card Policy
14. Tip Credit Policy &Tip Reporting Policy
15. Dissemination of Company Information
16. Logos and Trademark Use Policy
17.  Team Member Reporting & Exclusion Policy
18. General Security Procedures
19. Security and Cash Handling Procedures Policy
20. Safety Policy and General Guidelines
21. Safety Training
22. FMLA & FMLA Military Family Leave

I understand that the Manual is continually reviewed and may be changed, amended or terminated at any time.

I understand that this Manual is not and was not intended to serve as a contract between Brinker International Payroll Company, L.P. ("Brinker"), or any of its related companies, and myself regarding the nature or duration of my employment, or any promise of future benefits, with the exception of the Agreement to Arbitrate. No provision in the Manual is intended to constitute a waiver of the Agreement to Arbitrate.  If Brinker amends or terminates the Agreement to Arbitrate, the amendment or termination shall not be effective until 10 days after reasonable notice of the amendment or termination is given to  Team Member and such amendment or termination will not impact disputes that arose prior to the date of the amendment or termination.

My signature below, or electronic signature, indicates that I have read, understand and am in compliance with each policy in the Manual and is a condition of my employment with Brinker.  I further understand that if I violate the terms of the policies during the course of employment, I may be subject to discipline, up to and including termination.

| Savannah Barrows | 63.163.55.1 |
|---|---|
| Print/Type your name | IP Address |
| Savannah Barrows | 9/13/15 |
| Your signature/e-signature | Date |

[Revised 7/2011]

# EXHIBIT 5

**RECEIPT OF BRINKER'S HOURLY TEAM MEMBER POLICIES & PROCEDURES MANUAL**

I acknowledge that I have received a copy of the Brinker Hourly Team Member Policies and Procedures Manual or reviewed its contents on-line.  I have read it, understand it, and agree to follow the policies, procedures and practices.  Additionally, I agree to ask for an explanation from my manager or from the PeopleWorks Department if there is anything in the Manual that I don't understand.

I acknowledge that I have read following specific sections of the Manual and agree to contact my manager at the restaurant or the PeopleWorks Department at 1-800-770-8800 regarding anything I don't understand prior to acknowledging this form:

1.  Agreement to Arbitrate
2.  Release and Waiver of Liability Policy
3.  Equal Employment Opportunity and Anti-Harassment Policy
4.  Problem Resolution Procedures /Whistle Blower Policy
5.  Employment at Will Policy
6.  Drug and Alcohol Abuse Policy
7.  Alcohol Service Policy
8.  Team Member Weapons Policy
9.  Workplace Violence Policy
10. Personal Relationships Between  Team Members Policy
11. Americans with Disabilities Act Policy
12. Supplier Partner Support Policy
13. Time Card Policy
14. Tip Credit Policy &Tip Reporting Policy
15. Dissemination of Company Information
16. Logos and Trademark Use Policy
17.  Team Member Reporting & Exclusion Policy
18. General Security Procedures
19. Security and Cash Handling Procedures Policy
20. Safety Policy and General Guidelines
21. Safety Training
22. FMLA & FMLA Military Family Leave

I understand that the Manual is continually reviewed and may be changed, amended or terminated at any time.

I understand that this Manual is not and was not intended to serve as a contract between Brinker International Payroll Company, L.P. ("Brinker"), or any of its related companies, and myself regarding the nature or duration of my employment, or any promise of future benefits, with the exception of the Agreement to Arbitrate. No provision in the Manual is intended to constitute a waiver of the Agreement to Arbitrate.  If Brinker amends or terminates the Agreement to Arbitrate, the amendment or termination shall not be effective until 10 days after reasonable notice of the amendment or termination is given to  Team Member and such amendment or termination will not impact disputes that arose prior to the date of the amendment or termination.

My signature below, or electronic signature, indicates that I have read, understand and am in compliance with each policy in the Manual and is a condition of my employment with Brinker.  I further understand that if I violate the terms of the policies during the course of employment, I may be subject to discipline, up to and including termination.

Michael Mendez                    24.59.74.175
_____
Print/Type your name              IP Address

Michael Mendez                    4/10/17
_____
Your signature/e-signature        Date

[Revised 7/2011]

# EXHIBIT 6

# MUTUAL AGREEMENT TO ARBITRATE

Brinker International Payroll Company, L.P. ("Brinker") has various internal procedures for amicably resolving any complaints or disputes relating to your employment.  However, if a complaint or dispute cannot be resolved internally, below is an agreement that provides for resolution of certain matters through formal, mandatory arbitration by an external, neutral arbitrator.

## Matters Subject to Arbitration

Brinker and you agree to arbitrate all disputes (except for those listed in the next section) involving legal or equitable rights, which Brinker may have against you or you may have against Brinker, its affiliates, subsidiaries, divisions, predecessors, successors, assigns and their current and former employees, officers, directors, and agents, arising out of or in any manner related to the employment relationship. This includes, for example, disputes about the hiring process or applications for employment, the terms and conditions of employment, wages and pay, leaves of absence, reasonable accommodation, or termination of employment.  Such claims include, but are not limited to, those under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, the Family and Medical Leave Act, the Americans with Disabilities Act of 1990, Sections 1981 through 1988 of Title 42 of the United States Code, any state or local anti-discrimination, harassment, or wage laws (such as the Massachusetts Fair Employment Practices law), or any other federal, state, or local law, ordinance or regulation, or those based on any public policy, contract, tort, equitable theory, or common law or any claim for costs, fees, or other expenses or relief, including attorneys' fees. Matters covered by this agreement are subject to arbitration, not a court or jury trial.

## Matters Not Covered by this Agreement

This agreement does not cover the following:

- claims for workers' compensation benefits;

- claims for unemployment compensation benefits;

- claims based upon current (successor or future) stock option plans, or employee pension and/ or welfare benefit plans, if those plans already contain some form of arbitration or other procedure for the resolution of disputes under the plan;

- claims which by federal law are not subject to mandatory arbitration, such as those statutory claims which the Dodd-Frank Wall Street Reform Act provides may not be subject to mandatory pre-dispute arbitration; and

- claims included in any lawsuit or administrative proceeding to which you are a party and which are pending against Brinker prior to the date you sign this agreement.

©2011 Brinker International Payroll Company, L.P.  All Rights Reserved.

This agreement also does not limit your ability to file a charge with a federal, state or local administrative agency (such as the National Labor Relations Board or the Equal Employment Opportunity Commission) and this agreement does not limit a federal, state or local government agency from its pursuit of a claim in court or the remedies it may seek from a court.

## Class, Collective, or Representative Action Waiver

You and Brinker agree that all disputes covered by the agreement must be pursued on an individual basis only and, to the maximum extent permitted by law, you and Brinker waive the right to commence, be a party to, participate in, receive money or any other relief from, or amend any existing lawsuit to include, any representative, collective or class proceeding or claims or to bring jointly any claim covered by this agreement. You and Brinker agree that neither you nor Brinker may bring a claim covered by this agreement on behalf of other individuals or entities and an arbitrator may not: (a) combine more than one individual's claim or claims into a single case; (b) order, require, participate in or facilitate production of class-wide contact information or notification to others of potential claims; or (c) arbitrate any form of a class, collective, or representative proceeding. Nothing in this agreement limits your right to challenge the waiver of class, collective or representative actions in this agreement.

## Authority to Resolve Disputes

A court (and not any arbitrator) has the exclusive authority to resolve disputes about the interpretation, applicability, enforceability or formation of the class, collective, or representative action waiver provision in this agreement, including but not limited to, any claim that the class, collective, or representative action waiver is void or voidable. That said, the arbitrator, and not any court, shall have exclusive authority to resolve disputes about the interpretation, applicability, enforceability or formation of any other provision of this agreement including, but not limited to, any claim that any other part of this agreement is void or voidable.

If any provision, or any portion of any provision, of this agreement is found to be unenforceable (by a court or arbitrator, as applicable), the court or arbitrator (as applicable) shall interpret or modify the provision, the portion of the provision, or the agreement to the extent necessary for it to be enforceable. If a provision or portion of a provision is deemed unlawful or unenforceable, that provision or portion shall be severed, and, to the extent permitted by applicable law, the agreement automatically and immediately shall be amended, modified and/ or altered to be enforceable.

If any portion of the class, collective, or representative action waiver is deemed unenforceable, then such claim that is determined to be not subject to waiver shall proceed in court (subject to then applicable case law, defenses, and court orders concerning class certification and other matters) and not arbitration.

   ©2011 Brinker International Payroll Company, L.P.  All Rights Reserved.

**Arbitration Rules**

The arbitration shall be arbitrated by a single arbitrator in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA").  A copy of the current AAA Employment Arbitration Rules is available for you to review at www.adr.org.  You may obtain a hard copy of the AAA Employment Arbitration Rules at www.adr.org or from your PeopleWorks Partner.  You also may contact AAA to request a copy of these rules at 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043, Toll Free No. 877-495-4185.

For claims against Brinker, notice must be sent to the AAA and also to Brinker:  General Counsel, Brinker International, 6820 LBJ Freeway, Dallas, TX 75240.  Brinker will send notices of claims to the AAA and also to the last known address of the employee.

Here are some important matters to keep in mind:

- Arbitrations shall take place in or near the city where you work or last worked for Brinker.

- Each party is entitled to representation by an attorney of its choice throughout the arbitration at its own expense.

- Brinker will pay the arbitration filing fees, and the fees of the arbitrator, even if the arbitration is initiated by you, and Brinker will also reimburse you for any administrative filing fees the AAA requires you to pay.  Each party shall otherwise bear its own arbitration fees and expenses, unless provided by this agreement, the AAA Employment Arbitration Rules, applicable law, operation of law, or awarded by the arbitrator in the final, written decision.

- The Federal Rules of Civil Procedure (except for Rule 23) and Federal Rules of Evidence, which are the rules that would apply if the matter proceeded in a federal court, shall apply throughout the arbitration, unless modified by the mutual agreement of the parties.  If there is a conflict between the agreement and those rules, this agreement prevails.

- The law of the state in which you work or most recently worked for Brinker (without regard for its conflict of law principles) will govern the substance of the claim.

- The arbitrator may award individual relief only.  The arbitrator's decision shall be final and binding on the parties, their heirs, executors, administrators, successors and assigns, and may be entered and enforced in any court of competent jurisdiction.  The arbitrator shall have the power to award the same damages (subject to applicable statutory or other limitations) or legal or equitable relief that would have been available in a court of competent jurisdiction including, but not limited to, any remedy or relief that the arbitrator deems just and equitable and which is authorized by applicable law, including but not limited to, attorneys' fees available under applicable law.

- All orders of the arbitrator (except evidentiary rulings at the arbitration) will be in writing and subject to review pursuant to the Federal Arbitration Act ("FAA").  You and Brinker agree that the FAA shall govern the agreement.

                                        ©2011 Brinker International Payroll Company, L.P.  All Rights Reserved.

To the extent this agreement conflicts with the Employment Arbitration Rules of the AAA, the express provisions of this agreement shall prevail.

**Consideration**

This agreement imposes mutual obligations on Brinker and you. Unless otherwise provided by applicable law, your employment or continued employment with Brinker shall constitute consideration and acceptance by you of the terms and conditions set forth in this agreement. In addition, even where not required by applicable law, Brinker will pay the arbitrator's fees, and, to the extent you are required to pay administrative filing fees, Brinker agrees to reimburse you for any administrative filing fees the AAA imposes to initiate arbitration. To the extent you are required to pay the travel, lodging and meals of the arbitrator, even where not required to do so by applicable law, Brinker agrees to pay all travel, lodging, and meal costs of the arbitrator. Further, Brinker agrees that if it prevails at the arbitration, it shall not seek or pursue arbitration costs from you, even if at law it would otherwise be entitled to pursue such costs. That said, separate from costs, the parties retain any rights they each may have to recover attorneys' fees from each other if ordered by the arbitrator: *eg*, for frivolous claims or fees resulting from an offer of judgment. The parties agree that the consideration set forth in this paragraph is wholly adequate to support this Agreement.

By signing below, I affirm that I have read the above Mutual Agreement to Arbitrate and agree to resolve all matters covered by the agreement through formal, mandatory arbitration as outlined above. I further understand and agree that the agreement does not change or alter my at-will employment status. Brinker understands that by providing this agreement, it is bound by it as well.

Name (Printed):___Savannah Barrows_____   Date:__9/13/15_____

Signature:___Savannah Barrows_____   IP Address:___63.163.55.1_____

Employee SS#:___089746566_____

[Revised 08/2015]

                           ©2011 Brinker International Payroll Company, L.P. All Rights Reserved.

# EXHIBIT 7

**MUTUAL AGREEMENT TO ARBITRATE (the "Agreement")**

Brinker International Payroll Company, L.P. ("Brinker") has various internal procedures for amicably resolving any complaints or disputes relating to your employment. However, if a complaint or dispute cannot be resolved internally, below is an Agreement that provides for resolution of certain matters through formal, mandatory arbitration by an external, neutral arbitrator.

**Matters Subject to Arbitration**

Brinker and you agree to arbitrate all disputes (except for those listed in the next section) involving legal or equitable rights, which Brinker may have against you or you may have against Brinker, its affiliates, subsidiaries, divisions, predecessors, successors, assigns and their current and former employees, officers, directors, and agents, arising out of or in any manner related to the employment relationship. This includes, for example, disputes about the hiring process or applications for employment, the terms and conditions of employment, wages and pay, leaves of absence, reasonable accommodation, or termination of employment. Such claims include, but are not limited to, those under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, the Family and Medical Leave Act, the Americans with Disabilities Act of 1990, Sections 1981 through 1988 of Title 42 of the United States Code, any state or local anti-discrimination, harassment, or wage laws (such as the Massachusetts Fair Employment Practices law), or any other federal, state, or local law, ordinance or regulation, or those based on any public policy, contract, tort, equitable theory, or common law or any claim for costs, fees, or other expenses or relief, including attorneys' fees. Matters covered by this Agreement are subject to arbitration, not a court or jury trial.

**Matters Not Covered by this Agreement**

This Agreement does not cover the following:

- claims for workers' compensation benefits;

- claims for unemployment compensation benefits;

- claims based upon current (successor or future) stock option plans, or employee pension and/or welfare benefit plans, if those plans already contain some form of arbitration or other procedure for the resolution of disputes under the plan;

- claims which by federal law are not subject to mandatory arbitration, such as those statutory claims which the Dodd-Frank Wall Street Reform Act provides may not be subject to mandatory pre-dispute arbitration or representative claims under California's Private Attorneys General Act of 2004, California Labor Code §§ 2698, *et seq.*, but only to the extent federal law prohibits enforcement of the class, collective or representative action waiver (discussed in the next paragraph below) with respect to these types of claims; and

- claims included in any lawsuit or administrative proceeding to which you are a party and which are pending against Brinker prior to the date you sign this Agreement.

1

This Agreement also does not limit your ability to file a charge with a federal, state or local administrative agency (such as the National Labor Relations Board or the Equal Employment Opportunity Commission) and this Agreement does not limit a federal, state or local government agency from its pursuit of a claim in court or the remedies it may seek from a court.

This Agreement does not limit the parties' ability to request provisional relief from a court of competent jurisdiction without waiving the right to arbitration, to the extent provided by applicable federal or state law, upon the ground that the award to which the party may be entitled may be rendered ineffectual without provisional relief.

**Class, Collective, or Representative Action Waiver**

You and Brinker agree that all disputes covered by the Agreement must be pursued on an individual basis only and, to the maximum extent permitted by law, you and Brinker waive the right to commence, be a party to, participate in, receive money or any other relief from, or amend any existing lawsuit to include, any representative, collective or class proceeding or claims or to bring jointly any claim covered by this Agreement.  You and Brinker agree that neither you nor Brinker may bring a claim covered by this Agreement on behalf of other individuals or entities and an arbitrator may not:  (a) combine more than one individual's claim or claims into a single case; (b) order, require, participate in or facilitate production of class-wide contact information or notification to others of potential claims; or (c) arbitrate any form of a class, collective, or representative proceeding.  Nothing in this Agreement limits your right to challenge the waiver of class, collective or representative actions in this Agreement.

**Authority to Resolve Disputes**

A court (and not any arbitrator) has the exclusive authority to resolve disputes about the interpretation, applicability, enforceability or formation of the class, collective, or representative action waiver provision in this Agreement, including but not limited to, any claim that the class, collective, or representative action waiver is void or voidable.  That said, the arbitrator, and not any court, shall have exclusive authority to resolve disputes about the interpretation, applicability, enforceability or formation of any other provision of this Agreement including, but not limited to, any claim that any other part of this Agreement is void or voidable.

If any provision, or any portion of any provision, of this Agreement is found to be unenforceable (by a court or arbitrator, as applicable), the court or arbitrator (as applicable) shall interpret or modify the provision, the portion of the provision, or the Agreement to the extent necessary for it to be enforceable.  If a provision or portion of a provision is deemed unlawful or unenforceable, that provision or portion shall be severed, and, to the extent permitted by applicable law, the Agreement automatically and immediately shall be amended, modified and/or altered to be enforceable.

If any portion of the class, collective, or representative action waiver is deemed unenforceable as to any particular claim, then such claim that is determined to be not subject to waiver shall proceed in court (subject to then applicable case law, defenses, and court orders concerning class certification and other matters) and not arbitration.

**Arbitration Rules**

The arbitration shall be arbitrated by a single arbitrator in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA").  A copy of the current AAA Employment Arbitration Rules is available for you to review at www.adr.org.  You may obtain a hard copy of the AAA Employment Arbitration Rules at www.adr.org or from your PeopleWorks Partner.  You also may contact AAA to request a copy of these rules at 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043, Toll Free No. 877-495-4185.

For claims against Brinker, notice must be sent to the AAA and also to Brinker:  General Counsel, Brinker International, 6820 LBJ Freeway, Dallas, TX 75240.  Brinker will send notices of claims to the AAA and also to the last known address of the employee.

Here are some important matters to keep in mind:

- Arbitrations shall take place in or near the city where you work or last worked for Brinker.

- Each party is entitled to representation by an attorney of its choice throughout the arbitration at its own expense.

- Brinker will pay the arbitration filing fees, and the fees of the arbitrator, even if the arbitration is initiated by you, and Brinker will also reimburse you for any administrative filing fees the AAA requires you to pay.  Except for the fees for the arbitrator and the administration of the arbitration, both of which shall be paid by Brinker, each party shall otherwise bear its own costs and fees associated with the arbitration, unless provided by this Agreement, the AAA Employment Arbitration Rules, applicable law, operation of law, or awarded by the arbitrator in the final, written decision.

- The Federal Rules of Civil Procedure (except for Rule 23) and Federal Rules of Evidence, which are the rules that would apply if the matter proceeded in a federal court, shall apply throughout the arbitration, unless modified by the mutual Agreement of the parties.  If there is a conflict between the Agreement and those rules, this Agreement prevails.

- The law of the state in which you work or most recently worked for Brinker (without regard for its conflict of law principles) will govern the substance of the claim.

- The arbitrator may award individual relief only.  The arbitrator's decision shall be final and binding on the parties, their heirs, executors, administrators, successors and assigns, and may be entered and enforced in any court of competent jurisdiction.  The arbitrator shall have the power to award the same damages (subject to applicable statutory or other limitations) or legal or equitable relief that would have been available in a court of competent jurisdiction including, but not limited to, any remedy or relief that the arbitrator deems just and equitable and which is authorized by applicable law, including but not limited to, attorneys' fees available under applicable law.

- All orders of the arbitrator (except evidentiary rulings at the arbitration) will be in writing and subject to review pursuant to the Federal Arbitration Act ("FAA").  You and Brinker agree that the FAA shall govern the Agreement.

3

To the extent this Agreement conflicts with the Employment Arbitration Rules of the AAA, the express provisions of this Agreement shall prevail.

**Consideration**

This Agreement imposes mutual obligations on Brinker and you.  Unless otherwise provided by applicable law, your employment or continued employment with Brinker shall constitute consideration and acceptance by you of the terms and conditions set forth in this Agreement.  In addition, even where not required by applicable law, Brinker will pay the arbitrator's fees, and, to the extent you are required to pay administrative filing fees, Brinker agrees to reimburse you for any administrative filing fees the AAA imposes to initiate arbitration.  To the extent you are required to pay the travel, lodging and meals of the arbitrator, even where not required to do so by applicable law, Brinker agrees to pay all travel, lodging, and meal costs of the arbitrator.  Further, Brinker agrees that if it prevails at the arbitration, it shall not seek or pursue arbitration costs from you, even if at law it would otherwise be entitled to pursue such costs.  That said, separate from costs, the parties retain any rights they each may have pursuant to applicable law to recover attorneys' fees from each other if ordered by the arbitrator:  *e.g.,* for frivolous claims or fees resulting from an offer of judgment.  The parties agree that the consideration set forth in this paragraph is wholly adequate to support this Agreement.

**By signing below, I affirm that I have read the above Mutual Agreement to Arbitrate and agree to resolve all matters covered by the Agreement through formal, mandatory arbitration as outlined above.  I further understand and agree that the Agreement does not change or alter my at-will employment status.  Brinker understands that by providing this Agreement, it is bound by it as well.**

Michael Mendez

4/10/17

_____          _____
**Signature of Applicant/Team Member**          **Date**

24.59.74.175

_____          _____
**Printed Name of Candidate/Applicant**          **IP Address**

[Revised 04/2016]

4834-9779-3583, v.  1

# EXHIBIT 8

Candidate Name
Mendez, Michael (13332519)

Job Title
**old** Host (00305O)

# Mendez, Michael (13332519) applied for job: **old** Host (00305O)

| | | |
|---|---|---|
| Step | Latest Submission Medium | Recruiter |
| Hire | Online Mobile | Clay-CHI 0874C |
| Status | Source | Hiring Manager |
| Hired - External Hire - Start Onboarding | Facebook | Clay-CHI 0874C |
| Creation Date | Submission Type | |
| Mar 27, 2017 | External | |

# Candidate Information

## Candidate Personal Information

Full Legal First Name
Michael

Full Legal Last Name
Mendez

Preferred First Name
Mike

Social Security Number
██████████

Address (line 1)
7608  oswego rd po box #2872

City
liverpool

Zip/Postal Code
13089

Place of Residence
United States > New York > Syracuse

Home Phone Number
3153131397

Email Address
mmendez7354@gmail.com

## Shift Availability Grid

| Shifts | Week Days | | | | | | |
|---|---|---|---|---|---|---|---|
| | Mon | Tue | Wed | Thu | Fri | Sat | Sun |
| Early Morning | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☑ |
| Mid Day | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☑ |
| Afternoon | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Evening | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Overnight | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

## Education

Education 1

Education

Candidate Name
Mendez, Michael (13332519)

Job Title
**old** Host (00305O)

---

Other Institution
liverpool high school

Education Level (Achieved)
Other

## Basic Profile

Have you ever been previously employed at the Brinker Restaurant Support Center or any Brinker owned restaurant?
No

Do you have a relative working for the Company or its affiliates?
Yes

If so, who and what is his/her position?
Chris Marrero , Server

## References

Reference 1

First Name
Chris

Last Name
Marrero

Phone Number
3158858642

How long have you known this person?
5 years or more

Relationship
brother

---

Reference 2

First Name
Beth

Last Name
Deverso

Phone Number
3156576201

How long have you known this person?
2-4 years

Relationship
friend

# Account Info

Account Status
Not Locked

User Name
mmendez7354

# Profile

Candidate Name
**Mendez, Michael (13332519)**

Job Title
**\*\*old\*\* Host (00305O)**

## Submission Medium

Original Submission Medium
Online Mobile

Latest Submission Medium
Online Mobile

## Source Tracking

General
Social Media

Specific
Facebook

## Employment Preferences

### Job Field

| Category | Function |
|---|---|
| Field Opportunities | Front of House Opportunities |
| Field Opportunities | Kitchen Opportunities |
| Field Opportunities | Salaried Management |

### Organization

| Company | Brand (Concept) | Department/ Cost Center/Restaurant |
|---|---|---|
| Brinker International | Chili's | Clay-CHI-0874 |

### Location

| Country | State | City | Location |
|---|---|---|---|
| United States | New York | Liverpool | Clay-CHI |
| United States | Utah | Centerville | Parrish Lane-CHI |
| United States | Utah | Layton | Layton-CHI |

# Prescreening

## Disqualification Questions

| Question | Answer | Result |
|---|---|---|
| 1. Agreement to Arbitrate: To be considered for employment, you must read and agree to resolve all disputes with Brinker in accordance with Brinker ' s Agreement to Arbitrate Policy (click link above). Do you affirm that you have read the Agreement to Arbitrate and agree to resolve all disputes that arise between | X Yes | The Candidate Passes |

| Candidate Name | Job Title |
|---|---|
| Mendez, Michael (13332519) | **old** Host (00305O) |

| | | |
|---|---|---|
| you and Brinker through formal, mandatory arbitration?<br>Type: Single Answer | | |
| 2. If hired, can you present evidence that you are legally authorized to work in the United States? (Proof of identity and legal authority to work in the United States is a condition of employment.)<br>Type: Single Answer | X Yes | The Candidate Passes |

## Prescreening Questionnaire

| Question | Answer | Required/Asset | Result |
|---|---|---|---|
| 1. Which one of the following sentences best describes your level of English?<br>Type: Single Answer | X Fluent | Met (Required) | 0/0 |
| | I am able to understand and speak English. I have minimal difficulty reading and writing. | - | 0/0 |
| | I am able to understand and speak English. I have great difficulty reading and writing. | - | 0/0 |
| | I speak and understand some English. | - | 0/0 |
| | I do not speak English. | - | 0/0 |
| | Result for question: | | 0/0 |
| 2. Which of the following sentences best describes your ability to prioritize and multi-task?<br>Type: Single Answer | I do not have the ability to prioritize and multi-task. | - | 0/0 |
| | I am able to prioritize and multi-task sometimes at a slow pace. | - | 0/0 |
| | X I am able to prioritize and multi-task accurately in a fast pace environment. | Met (Required) | 0/0 |
| | Result for question: | | 0/0 |
| 3. How many years of experience do you have working in the restaurant industry?<br>Type: Single Answer | X No experience | - | 0/0 |
| | Less than 1 year | - | 0/0 |
| | 1 year - less than 2 years | - | 0/0 |
| | 2 years - less than 5 years | - | 0/0 |
| | 5 or more years | - | 0/0 |
| | Result for question: | | 0/0 |
| 4. How many years of experience do you have working as a Host?<br>Type: Single Answer | X No experience | - | 0/0 |
| | Less than 1 year | - | 0/0 |
| | 1 year - less than 2 years | - | 0/0 |
| | 2 years - less than 5 years | - | 0/0 |
| | 5 or more years | - | 0/0 |

Candidate Name
Mendez, Michael (13332519)

Job Title
**old** Host (00305O)

| | Result for question: | | 0/0 | |
|---|---|---|---|---|
| 5. Are you of legal age to serve alcohol in this state? Type: Single Answer | Yes | - | 0/0 | |
| | X  No | - | 0/0 | |
| | Result for question: | | 0/0 | |
| | | Required 2/2 Assets 0/3 | 0% | |

# Screening

## Assessment

Employment Screening (provided by Bigby)
Validated pre-employment assessments designed to identify characteristics important to job success -- targeted to specific industries and appropriate for associate through management level candidates.

| Requester | Request Date | Provider Status | Status | Result Summary |
|---|---|---|---|---|
| | March 27, 2017 | Completed | Completed | STRONGLY RECOMMEND (Assessment) |

| Results Expiration Date | Last Activity Date | Reference Number (Internal) | Reference Number (External) |
|---|---|---|---|
| June 25, 2017 | March 27, 2017 | 10863567 | 4256137 |

| Parameters Used |
|---|
| Online Assessment Solution |
| FOH Host |

| Results | |
|---|---|
| Provider Status | Assessment |
| Completed | STRONGLY RECOMMEND |
| Assessment | More Details |
| Select for Brinker FOH Host | - |
| Results Text | Passed |
| - Select for Brinker FOH Host: | - |
| Score | |
| 100 | |

## Regulatory Services

Employment Tax Credit Eligibility (provided by ADP)
The following information indicates the status of this candidate's tax credit eligibility. The candidate must be screened prior to or on the Job Offer date. Please ensure that the new employee signs all forms and that they are mailed to ADP as soon as possible.

| Requester | Request Date | Provider Status | Status | Result Summary |
|---|---|---|---|---|
| | March 27, 2017 | HIRED | Completed | (Tax Credit Partner Summary) |

| Results Expiration Date | Last Activity Date | Reference Number (Internal) | Reference Number (External) |
|---|---|---|---|

Candidate Name
Mendez, Michael (13332519)

Job Title
**old** Host (00305O)

| | | | |
|---|---|---|---|
| Always valid | April 7, 2017 | 10863566 | 170862677721787 |

| Parameters Used |
|---|
| Worksite Location ID (Unit #) |
| Clay-CHI |

| Results | |
|---|---|
| Printable Tax Credit Forms (PDF) | Eligibility |
| https://tcs.adp.com/xml/print_forms?tkn=2B5F9C44-B601-40F1-A2AA-7C09BF7C8F11 | Eligible |
| PreOffer Eligibility | |
| Eligible | |

## Scheduling Center

Taleo Scheduling Center (provided by Taleo)
The Taleo Scheduling Center automatically schedules candidates you designate on calendars you can control.

| Requester | Request Date | Provider Status | Status | Result Summary |
|---|---|---|---|---|
| Joshua Planty | March 29, 2017 | Scheduled / Past | Completed | unspecified (Show/No Show Status) |

| Results Expiration Date | Last Activity Date | Reference Number (Internal) | Reference Number (External) |
|---|---|---|---|
| December 30, 2017 | October 1, 2017 | 10869688 | 10826652 |

| Parameters Used |
|---|
| Calendar ID 1 |
| Clay-CHI (0874C) |

| Results | |
|---|---|
| Scheduling Status | Show/No Show Status |
| Scheduled / Past | unspecified |
| More Details | Appointment 1 |
| - | Invitation Not Used |
| Scheduling Message | Appointment Status 1 |
| - | Scheduled |

# eSignature

Name
Michael Mendez

Initials
I ACCEPT

IP address of computer used to esign: {0}
24.59.74.175

eSignature date and time: {0}
Mar 27, 2017

# EXHIBIT 9



Brandon Loeffler, you are signed in.

**JOB SEARCH   MY JOBPAGE   TASKS**

**2 of 3 Tasks Completed**

| ① | | ② | | ③ |
|---|---|---|---|---|
| Welcome Message | | Personal Info and eSig... | | Prepare for your First Day |
| Completed | | Due Date: Jan 5, 2019 | | Completed |

## Job: EY WOTC Test

**New Hire Info and Signature Agreement - Hourly Personal Information**

Mandatory fields are marked with a red indicator.

### Personal Information Sheet

Please review the personal information below.  Make any modification, if applicable.  Note that most of this information comes from your application.

**\*First Name**
Brandon

**\*Last Name**
Loeffler

**\*Social Security Number**

**Preferred First Name**

**Street Address (line 1)**
6820

**Street Address (line 2)**

**City**
Dallas

**State**
Texas

**Zip/Postal Code**
75056

**\*Primary Phone Number**
972-770-7205

**\*Marital Status**
Not Specified

**\*Date of Birth**
Month ⌄   Day ⌄   Year ⌄

**\*Gender**
Not Specified

**\*Race**
Not Specified

**NEXT PAGE**

Print Preview   Next Task

1

© 2018 Brinker International All Rights Reserved

Terms & Privacy | Fraud Alerts



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH   MY JOBPAGE   TASKS

**2 of 3 Tasks Completed**



| 1 | 2 | 3 |
|---|---|---|
| Welcome Message | Personal Info and eSig... | Prepare for your First Day |
| Completed | Due Date: Jan 5, 2019 | Completed |

---

### Job: EY WOTC Test

**New Hire Info and Signature Agreement - Hourly Electronic Signature Agreement**

Mandatory fields are marked with a red indicator.

#### Electronic Signature Agreement

Brinker utilizes electronic signatures to verify that applicants and employees have received and agreed to certain documents and information. Please click below to indicate that you voluntarily agree to enter into electronic agreements with Brinker using your electronic signature. By indicating "I agree," you voluntarily acknowledge that your electronic signature is the legal equivalent of your manual signature and that Brinker may rely on such signature, and that it has the same force and effect as if actually signed by you in writing. You also agree that you understand it is a violation of Brinker company policy to electronically sign a document for anyone else for any reason. Your agreement to use electronic signatures may be revoked at any time upon written notice to Brinker, but that revocation will only operate prospectively and will not alter the enforceability of any electronic signature made before the revocation. You may print out a copy of this form for your records.

If you understand, accept and agree to the terms and conditions set out above, click "accept" as your electronic signature to acknowledge your acceptance and agreement. If you do not understand or accept or agree to the terms and conditions set out above, then click "I Disagree" and you will exit this process.

**Please be aware if you select "I Disagree" below,  you will be required to complete all New Hire Forms via Paper before your first day. You will receive the New Hire Forms in the mail.**

* Electronic Signature Agreement

◉ Not Specified

○ I Agree

○ I Disagree

Full Name

Brandon Loeffler

* By entering my login **password**  below, I confirm my **electronic signature.**

Current Date

[ ]

| PREVIOUS PAGE |
|---|
| SUBMIT |

Print Preview   Next Task

2

© 2018 Brinker International All Rights Reserved

Terms & Privacy | Fraud Alerts



Brandon Loeffler, you are signed in

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH   MY JOBPAGE   TASKS

**3 of 6 Tasks Completed**

| ① Welcome Message | ② Personal Info and eSig... | ③ Getting Started Paperw... | ④ Agreement to Arbitrate | ⑤ Health Condition Form | ⑥ Prepare for your First Day |
|---|---|---|---|---|---|
| Completed | Completed | Due Date: Jan 7, 2019 | Due Date: Jan 5, 2019 | Due Date: Jan 5, 2019 | Completed |

## Job: EY WOTC Test

**Main New Hire Forms - Hourly ePay Policies and Procedures Acknowledgement**

Mandatory fields are marked with a red indicator.

### Policies and Procedures Acknowledgement

**Please read the Policies and Procedures in the link below before proceeding:**

**Policies and Procedures**

Please note when navigating to the link above it can take a couple of minutes to load. The information contained in the link can be found on the BrinkerWeb under Forms and Policies > Policies and Procedures > Team Member Handbook.

I acknowledge that I have received a copy of the Brinker Hourly Team Member Handbook (the "Handbook"). I have read it, understand it, and agree to follow the policies, procedures and practices. Additionally, I agree to ask for an explanation from my manager or from the PeopleWorks Department if there is anything in the Handbook that I don't understand.

I acknowledge that I have read following specific sections of the Manual and agree to contact my manager or the restaurant or the PeopleWorks Department at 1-800-770-8800 regarding anything I don't understand prior to acknowledging this form:

| 1. Agreement to Arbitrate | 12. Supplier Partner Support Policy |
|---|---|
| 2. Release and Waiver of Liability Policy | 13. Time Card Policy |
| 3. Equal Employment Opportunity and Anti-Harassment Policy | 14. Tip Credit and Reporting Policy |
| 4. Problem Resolution Procedures /Whistle Blower Policy | 15. Dissemination of Company Information |
| 5. Employment at Will Policy | 16. Logos and Trademark Use Policy |
| 6. Drug and Alcohol Abuse Policy | 17. Team Member Reporting & Exclusion Policy |
| 7. Alcohol Service Policy | 18. General Security Procedures |
| 8. Team Member Weapons Policy | 19. Security and Cash Handling Procedures Policy |
| 9. Workplace Violence Policy | 20. Safety Policy and Rules |
| 10. Personal Relationships Between Team Members Policy | 21. Safety Training |
| 11. Americans with Disabilities Act Policy | 22. FMLA & FMLA Military Family Leave |

I understand that the Manual is continually reviewed and may be changed, amended or terminated at any time.

I understand that this Manual is not and was not intended to serve as a contract between Brinker International Payroll Company, L.P. ("Brinker"), or any of its related companies, and myself regarding the nature or duration of my employment, or any promise of future benefits, with the exception of the Agreement to Arbitrate. No provision in the Manual is intended to constitute a waiver of the Agreement to Arbitrate. If Brinker amends or terminates the Agreement to Arbitrate, the amendment or termination shall not be effective until 10 days after reasonable notice of the amendment or termination is given to Team Member and such amendment or termination will not impact disputes that arose prior to the date of the amendment or termination.

My signature below, or electronic signature, indicates that I have read, understand and am in compliance with each policy in the Manual and is a condition of my employment with Brinker. I further understand that if I violate the terms of the policies during the course of employment, I may be subject to discipline, up to and including termination.

Full Name                                                    Last 4 Digits of Social Security #

Brandon Loeffler                                          ▆▆▆▆

*By entering my login **password** below, I confirm my **electronic signature.**         Current Date

[                    ]

| NEXT PAGE |
|---|

Print Preview  Next Task

3

© 2018 Brinker International All Rights Reserved                              Terms & Privacy | Fraud Alerts



Brandon Loeffler, you are signed in.

JOB SEARCH   MY JOBPAGE   TASKS

**3 of 6 Tasks Completed**



| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Prepare for your First Day |
| Completed | Completed | Due Date: Jan 7, 2019 | Due Date: Jan 5, 2019 | Due Date: Jan 5, 2019 | Completed |

### Job: EY WOTC Test

**Main New Hire Forms - Hourly ePay Benefits Information**

Mandatory fields are marked with a red indicator.

### Benefits Information & Health Insurance Marketplace Notice

**Click on the link below to learn more about your benefits and view the Health Insurance Marketplace Notice.**

Benefits Information

Health Insurance and Marketplace Notice

**Benefits Acknowledgment**

I have received benefits information. The salaried benefits enrollment guide, attached above, is a brief summary of the coverage. It is my responsibility to read the information and complete my enrollment **within 31 days** of my hire date. If I have questions regarding the coverage, its terms, or conditions, I will contact the Benefits Department at benefits@brinker.com or 1-800-334-4783. The Health Insurance Marketplace Notice, linked above, provides information about other coverage options.

If I elect to participate, I understand my coverage will begin on the first day of the month following my hire date and will continue as long as my employment continues and I keep making timely payments.  I also understand that I can not make changes to my enrollment, or cancel coverage without a qualifying family status change, except during Brinker's annual Open Enrollment period.

If I do not enroll at this time, I understand that I must wait until Open Enrollment or within 31 days of a qualified family status change (such as marriage, divorce, gain/loss of other coverage) to enroll.

**Full Name**

Brandon Loeffler

*By entering my login **password** below, I confirm my **electronic signature.**

**Last 4 Digits of Social Security #**

▮▮▮▮

**Current Date**

| PREVIOUS PAGE |
|---|
| NEXT PAGE |

Print Preview   Next Task

4

© 2018 Brinker International All Rights Reserved

Terms & Privacy | Fraud Alerts



**Home of** ♪'s **MAGGIANO'S** LITTLE ITALY

Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH   MY JOBPAGE   TASKS

**3 of 6 Tasks Completed**

1 — Welcome Message — Completed
2 — Personal Info and eSig... — Completed
3 — Getting Started Paperw... — Due Date: Jan 7, 2019
4 — Agreement to Arbitrate — Due Date: Jan 5, 2019
5 — Health Condition Form — Due Date: Jan 5, 2019
6 — Prepare for your First Day — Completed

**Job: EY WOTC Test**

**Main New Hire Forms - Hourly ePay Federal W-4**
Mandatory fields are marked with a red indicator.

### W-4 Tax Information

Please click the link below to see the Federal W-4 Form:

Federal W-4 Tax Form

You must complete Form W-4 so the Payroll Department can calculate the correct amount of tax to withhold from your pay. Federal income tax is withheld from your wages based on marital status and the number of allowances claimed on this form. You may also specify that an additional dollar amount be withheld. You can file a new Form W-4 anytime your tax situation changes and you choose to have more, or less, tax withheld. Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS.

Full Name

Brandon Loeffler

Social Security Number

☐
Check here if your last name differs from that shown on your social security card. You must call **1-800-772-1213** for a new card.

Address (line 1)

6820

Address (line 2)

City

Zip/Postal Code

75056

State

Texas

**W-4 Tax Data:**

* Enter total number of Allowances you are claiming

* Enter Additional Amount, if any, you want withheld from each paycheck

* Indicate Filing Status

Not Specified

☐ Check here and select Single status if married but withholding at single rate.
Note: If married, but legally separated, or spouse is a nonresident alien, select 'Single' status.

**Claim Exemption:**

I claim exemption for this year and I confirm that I meet both of the following conditions for exemptions

- Last year I had a right to a refund of ALL Federal income tax withheld because I had NO tax liability; AND
- This year I expect a refund of ALL Federal income tax because I expect to have NO tax liability.

Select "Exempt" here if you meet both conditions above:

Not Specified

Under penalties of perjury, I declare that I have examined this certificate and to the best of my knowledge and belief, it is true, correct, and complete.
* By entering my login password below, I confirm my electronic signature.

Current Date

PREVIOUS PAGE

NEXT PAGE

Print Preview  Next Task



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

**JOB SEARCH   MY JOBPAGE   TASKS**

**3 of 6 Tasks Completed**



| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Prepare for your First Day |
| Completed | Completed | Due Date: Jan 7, 2019 | Due Date: Jan 5, 2019 | Due Date: Jan 5, 2019 | Completed |

## Job: EY WOTC Test

Main New Hire Forms - Hourly ePay State W-4 Info

### State Tax Information

**You might be working in a state that requires state income tax to be withheld from your paycheck**

Please find your work state listed below. Click on the link to access your state's withholding form. If a link is not provided, either that state does not have income tax OR the federal W-4 form will be used for state income tax purposes.

Once you have the correct form, complete the following steps:

1. Print the form  (if you are unable to print the form, let your manager know when you attend orientation )
2. Complete all required fields on the form
3. Verify all information is legible, most importantly your social security number. Illegible or incomplete forms will delay processing.
4. Sign and date the completed form.
5. Send the state tax form to the Payroll department using one of the following three methods:

   - Scan and Email to PAYDAT@BRINKER.COM
   - Fax to 972-628-8447
   - Give the form to your manager/supervisor.   They will send it to the Payroll department.

Alabama
Arizona
Arkansas
California
Colorado - Payroll will use your IRS Form W4 for state tax purposes
Connecticut
Delaware - Payroll will use your IRS Form W4 for state tax purposes
District of Columbia
Florida - No form required - No state tax withholding
Georgia
Idaho - Payroll will use your IRS Form W4 for state tax purposes
Illinois
Indiana
Iowa
Kansas
Kentucky
Lousiana
Maine
Maryland
Massachusetts
Michigan
Minnesota - Payroll will use your IRS Form W4 for state tax purposes
Mississippi
Missouri

6

Montana - Payroll will use your IRS Form W4 for state tax purposes
Nebraska - Payroll will use your IRS Form W4 for state tax purposes
Nevada - No form required - No state tax withholding
New Hampshire - No form required - No state tax withholding
New Jersey
New Mexico - Payroll will use your IRS Form W4 for state tax purposes
New York
North Carolina Form
North Carolina Instructions
North Dakota - Payroll will use your IRS Form W4 for state tax purposes
Ohio
Oklahoma - Payroll will use your IRS Form W4 for state tax purposes
Oregon - Payroll will use your IRS Form W4 for state tax purposes
Pennsylvania - Local Residency Form is required- No state form, flat rate is used
Rhode Island - Payroll will use your IRS Form W4 for state tax purposes
South Carolina - Payroll will use your IRS Form W4 for state tax purposes
South Dakota - No form required - No state tax withholding
Tennessee - No form required - No state tax withholding
Texas - No form required - No state tax withholding
Utah - Payroll will use your IRS Form W4 for state tax purposes
Vermont - Payroll will use your IRS Form W4 for state tax purposes
Virginia
Washington - No form required - No state tax withholding
West Virginia
Wisconsin

PREVIOUS PAGE

NEXT PAGE

Print Preview    Next Task

© 2018 Brinker International All Rights Reserved          Terms & Privacy | Fraud Alerts

7



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH   MY JOBPAGE   TASKS

**3 of 6 Tasks Completed**



| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Prepare for your First Day |
| Completed | Completed | Due Date: Jan 7, 2019 | Due Date: Jan 5, 2019 | Due Date: Jan 5, 2019 | Completed |

## Job: EY WOTC Test

**Main New Hire Forms - Hourly ePay Payment Method**
Mandatory fields are marked with a red indicator.

### Method of Payment

**Brinker is pleased to offer Team Members flexible options for receiving your pay.**

If you have a bank account that you would like Brinker to use for depositing your paycheck, please select Direct Deposit below. If you don't have a bank account, sign up for a Visa Total Pay Card!

To learn more about Visa Total Pay Card, click on this link - Pay Card Frequently Asked Questions

Please indicate your choice below.

In conjunction with Brinker's "Go Green" initiative you must select either Direct Deposit or Total Pay Card
*The state you are working in allows mandatory electronic pay.*
\* Please indicate your electronic deposit option

○ Not Specified

◉ Pay Card

○ Direct Deposit

| PREVIOUS PAGE |
|---|
| NEXT PAGE |

Print Preview   Next Task

8

© 2018 Brinker International All Rights Reserved

Terms & Privacy | Fraud Alerts



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

**JOB SEARCH   MY JOBPAGE   TASKS**

**3 of 6 Tasks Completed**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Prepare for your First Day |
| Completed | Completed | Due Date: Jan 7, 2019 | Due Date: Jan 5, 2019 | Due Date: Jan 5, 2019 | Completed |

## Job: EY WOTC Test

Main New Hire Forms - Hourly ePay Brinker Family Fund

Mandatory fields are marked with a red indicator.

### About the Brinker Family Fund

Many people are left without hope and with no place to turn when a tragedy or a catastrophe strikes.

**YOUR BRINKER FAMILY IS THERE.**

At Brinker, one of our core values is family - and we deeply care about our personal families as well as our family at work. The Brinker Family Fund was established in 1997 to support Brinker International Team Members across the nation within the brands. The Family Fund provides assistance to Team Members facing catastrophic situations such as serious illness, death and who have been victims of a natural disaster.

**IT TAKES SO LITTLE TO CARE SO MUCH.**

We encourage you to donate through your paycheck to help your Brinker family in need. Your contribution is voluntary. One hundred percent of your contributions go to helping our Brinker Team Members, and with the Brinker Family Fund, our tagline is true. It really does take so little to care so much.

Dear BrinkerHeads,

The Family Fund is a chance for all of us in the Brinker Family to help each other. When a Brinker Team Member has an unfortunate accident, the Family Fund is there to help you in your time of need. All you have to do is sign up and commit to donating at least one dollar per paycheck to the fund. Please join your fellow BrinkerHeads and become a part of the Brinker Family Fund.

Wyman Roberts
CEO

My Brinker family,

Words cannot express my sincere gratitude for everything you provided me! The assistance I received during my time of need further confirmed the love I have for this job and this company. Donate to the Brinker Family Fund! It only takes a couple dollars to help someone, but it is money you'll never miss out of your check.

Thank you so much!
Brinker Family Fund recipient

---

Brinker Family Fund Contribution Sign Up

* Would you like to sign up for the Brinker Family Fund?

| No | ⌄ |
|---|---|

| PREVIOUS PAGE |
|---|
| SUBMIT |

Print Preview   Next Task

9

© 2018 Brinker International All Rights Reserved

Terms & Privacy | Fraud Alerts



Brandon Loeffler, you are signed in

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH   MY JOBPAGE   TASKS

**4 of 7 Tasks Completed**



| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Pay Card Enrollment |
| Completed | Completed | Completed | Due Date :Jan 5, 2019 | Due Date :Jan 5, 2019 | Due Date :Jan 5, 2019 |

7

Prepare for your First Day

Completed

**Job: EY WOTC Test**

**Agreement to Arbitrate** Agreement to Arbitrate

Mandatory fields are marked with a red indicator.

**MUTUAL AGREEMENT TO ARBITRATE**

Brinker International Payroll Company, L.P. ("Brinker") has various internal procedures for amicably resolving any complaints or disputes relating to your employment. However, if a complaint or dispute cannot be resolved internally, below is an agreement that provides for resolution of certain matters through formal, mandatory arbitration by an external, neutral arbitrator.

**Matters Subject to Arbitration**

Brinker and you agree to arbitrate all disputes (except for those listed in the next section) involving legal or equitable rights, which Brinker may have against you or you may have against Brinker, its affiliates, subsidiaries, divisions, predecessors, successors, assigns and their current and former employees, officers, directors, and agents, arising out of or in any manner related to the employment relationship. This includes, for example, disputes about the hiring process or applications for employment, the terms and conditions of employment, wages and pay, leaves of absence, reasonable accommodation, or termination of employment. Such claims include, but are not limited to, those under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, the Family and Medical Leave Act, the Americans with Disabilities Act of 1990, Sections 1981 through 1988 of Title 42 of the United States Code, any state or local anti-discrimination, harassment, or wage laws (such as the Massachusetts Fair Employment Practices law), or any other federal, state, or local law, ordinance or regulation, or those based on any public policy, contract, tort, equitable theory, or common law or any claim for costs, fees, or other expenses or relief, including attorneys' fees. Matters covered by this agreement are subject to arbitration, not a court or jury trial.

**Matters Not Covered by this Agreement**

This agreement does not cover the following:

- claims for workers' compensation benefits;
- claims for unemployment compensation benefits;
- claims based upon current (successor or future) stock option plans, or employee pension and/or welfare benefit plans, if those plans already contain some form of arbitration or other procedure for the resolution of disputes under the plan;
- claims which by federal law are not subject to mandatory arbitration, such as those statutory claims which the Dodd-Frank Wall Street Reform Act provides may not be subject to mandatory pre-dispute arbitration; and
- claims included in any lawsuit or administrative proceeding to which you are a party and which are pending against Brinker prior to the date you sign this agreement.

This agreement also does not limit your ability to file a charge with a federal, state or local administrative agency (such as the National Labor Relations Board or the Equal Employment Opportunity Commission) and this agreement does not limit a federal, state or local government agency from its pursuit of a claim in court or the remedies it may seek from a court.

**Class, Collective, or Representative Action Waiver**

You and Brinker agree that all disputes covered by the agreement must be pursued on an individual basis only and, to the maximum extent permitted by law, you and Brinker waive the right to commence, be a party to, participate in, receive money or any other relief from, or amend any existing lawsuit to include, any representative, collective or class proceeding or claims or to bring jointly any claim covered by this agreement. You and Brinker agree that neither you nor Brinker may bring a claim covered by this agreement on behalf of other individuals or entities and an arbitrator may not: (a) combine more than one individual's claim or claims into a single case; (b) order, require, participate in or facilitate production of class-wide contact information or notification to others of potential claims; or (c) arbitrate any form of a class, collective, or representative proceeding. Nothing in this agreement limits your right to challenge the waiver of class, collective or representative actions in this agreement.

**Authority to Resolve Disputes**

A court (and not any arbitrator) has the exclusive authority to resolve disputes about the interpretation, applicability, enforceability or formation of the class, collective, or representative action waiver provision in this agreement, including but not limited to, any claim that the class, collective, or representative action waiver is void or voidable. That said, the arbitrator, and not any court, shall have exclusive authority to resolve disputes about the interpretation, applicability, enforceability or formation of any other provision of this agreement including, but not limited to, any claim that any other part of this agreement is void or voidable.

10

If any provision, or any portion of any provision, of this agreement is found to be unenforceable (by a court or arbitrator, as applicable), the court or arbitrator (as applicable) shall interpret or modify the provision, the portion of the provision, or the agreement to the extent necessary for it to be enforceable. If a provision or portion of a provision is deemed unlawful or unenforceable, that provision or portion shall be severed, and, to the extent permitted by applicable law, the agreement automatically and immediately shall be amended, modified and/or altered to be enforceable.

If any portion of the class, collective, or representative action waiver is deemed unenforceable, then such claim that is determined to be not subject to waiver shall proceed in court (subject to then applicable case law, defenses, and court orders concerning class certification and other matters) and not arbitration.

**Arbitration Rules**

The arbitration shall be arbitrated by a single arbitrator in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA"). A copy of the current AAA Employment Arbitration Rules is available for you to review at www.adr.org. You may obtain a hard copy of the AAA Employment Arbitration Rules at www.adr.org or from your PeopleWorks Partner. You also may contact AAA to request a copy of these rules at 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043, Toll Free No. 877-495-4185.

For claims against Brinker, notice must be sent to the AAA and also to Brinker: General Counsel, Brinker International, 6820 LBJ Freeway, Dallas, TX 75240. Brinker will send notices of claims to the AAA and also to the last known address of the employee.

Here are some important matters to keep in mind.

- Arbitrations shall take place in or near the city where you work or last worked for Brinker.
- Each party is entitled to representation by an attorney of its choice throughout the arbitration at its own expense.
- Brinker will pay the arbitration filing fees, and the fees of the arbitrator, even if the arbitration is initiated by you, and Brinker will also reimburse you for any administrative filing fees the AAA requires you to pay. Each party shall otherwise bear its own arbitration fees and expenses, unless provided by this agreement, the AAA Employment Arbitration Rules, applicable law, operation of law, or awarded by the arbitrator in the final, written decision.
- The Federal Rules of Civil Procedure (except for Rule 23) and Federal Rules of Evidence, which are the rules that would apply if the matter proceeded in a federal court, shall apply throughout the arbitration, unless modified by the mutual agreement of the parties. If there is a conflict between the agreement and those rules, this agreement prevails.
- The law of the state in which you work or most recently worked for Brinker (without regard for its conflict of law principles) will govern the substance of the claim.
- The arbitrator may award individual relief only. The arbitrator's decision shall be final and binding on the parties, their heirs, executors, administrators, successors and assigns, and may be entered and enforced in any court of competent jurisdiction. The arbitrator shall have the power to award the same damages (subject to applicable statutory or other limitations) or legal or equitable relief that would have been available in a court of competent jurisdiction including, but not limited to, any remedy or relief that the arbitrator deems just and equitable and which is authorized by applicable law, including but not limited to, attorneys' fees available under applicable law.
- All orders of the arbitrator (except evidentiary rulings at the arbitration) will be in writing and subject to review pursuant to the Federal Arbitration Act ("FAA"). You and Brinker agree that the FAA shall govern the agreement.

To the extent this agreement conflicts with the Employment Arbitration Rules of the AAA, the express provisions of this agreement shall prevail.

**Consideration**

This agreement imposes mutual obligations on Brinker and you. Unless otherwise provided by applicable law, your employment or continued employment with Brinker shall constitute consideration and acceptance by you of the terms and conditions set forth in this agreement. In addition, even where not required by applicable law, Brinker will pay the arbitrator's fees, and, to the extent you are required to pay administrative filing fees, Brinker agrees to reimburse you for any administrative filing fees the AAA imposes to initiate arbitration. To the extent you are required to pay the travel, lodging and meals of the arbitrator, even where not required to do so by applicable law, Brinker agrees to pay all travel, lodging, and meal costs of the arbitrator. Further, Brinker agrees that if it prevails at the arbitration, it shall not seek or pursue arbitration costs from you, even if at law it would otherwise be entitled to pursue such costs. That said, separate from costs, the parties retain any rights they each may have to recover attorneys' fees from each other if ordered by the arbitrator, e.g., for frivolous claims or fees resulting from an offer of judgment. The parties agree that the consideration set forth in this paragraph is wholly adequate to support this agreement.

**By signing below, I affirm that I have read the above Mutual Agreement to Arbitrate and agree to resolve all matters covered by the agreement through formal, mandatory arbitration as outlined above. I further understand and agree that the agreement does not change or alter my at-will employment status. Brinker understands that by providing this agreement, it is bound by it as well.**

Full Name                                          Last 4 Digits Social Security #

Brandon Loeffler

*By entering my login **password** below, I confirm my **electronic signature.**     Current Date

SUBMIT

Print Preview   Next Task

© 2018 Brinker International All Rights Reserved          Terms & Privacy | Fraud Alerts



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH    MY JOBPAGE    TASKS

**5 of 7 Tasks Completed**



| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Pay Card Enrollment |
| Completed | Completed | Completed | Completed | Due Date: Jan 5, 2019 | Due Date: Jan 5, 2019 |

7
Prepare for your First Day
Completed

---

**Job: EY WOTC Test**

Health Condition Form Employee Reporting & Exclusion Policy

### Employee Reporting & Exclusion Policy

- Preventing foodborne illness is important to the success of the restaurant.

- Certain symptoms and high-risk conditions can be related to foodborne illness because of the bacteria and viruses involved.

- These bacteria and viruses can be easily spread to people from infected food handlers or through contaminated food or utensils.

- By reporting illness to Management, you can help protect your co-workers and our Guests.

- The Policy requires that you tell Management if you have certain medical symptoms in the future.  These symptoms are related to foodborne illness and will help Management prevent foodborne illness outbreaks.

- Completing the required questionnaire ensures us that you understand the importance of reporting any illnesses to Management.

- We know that there are personal questions on the form.  Please understand that your answers and the forms will be kept confidential.

- As part of the Brinker Employee Reporting & Exclusion Policy, you are required to complete the following questionnaire.

NEXT PAGE

Print Preview   Next Task

12

© 2018 Brinker International All Rights Reserved

Terms & Privacy | Fraud Alerts



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH   MY JOBPAGE   TASKS

**5 of 7 Tasks Completed**

1 Welcome Message — Completed
2 Personal Info and eSig... — Completed
3 Getting Started Paperw... — Completed
4 Agreement to Arbitrate — Completed
5 Health Condition Form — Due Date: Jan 5, 2019
6 Pay Card Enrollment — Due Date: Jan 5, 2019
7 Prepare for your First Day — Completed

**Job: EY WOTC Test**

**Health Condition Form** Health Condition Form
Mandatory fields are marked with a red indicator.
Full Name

Brandon Loeffler

**Today:**
Are you currently suffering from any of the following symptoms:

*Diarrhea?
○ Not Specified
○ Yes
● No

*Vomiting?
○ Not Specified
○ Yes
● No

*Fever?
○ Not Specified
○ Yes
● No

*Jaundice?
○ Not Specified
○ Yes
● No

*Sore throat with fever?
○ Not Specified
○ Yes
● No

*Infected lesions and wounds containing pus on the hand, wrist or an expos
○ Not Specified
○ Yes
● No

**Past:**
*Have you been diagnosed as being ill with salmonellosis (*Salmonella spp.*), shigellosis (*Shigella spp.*), *E. coli* infection, Hepatitis A Virus, Norovirus or Amebiasis (Entamoeba histolyti
○ Not Specified
○ Yes
● No

Date of Past Infections Diagnosis

Not Specified

13

**High Risk Conditions:**

*Have you been exposed to or suspected of causing a confirmed outbreak of Salmonellosis, Shigellosis, E. *coli* infection, Hepatitis A Virus, Norovirus or Amebiasis?

○ Not Specified

○ Yes

◉ No

**High Risk Date**

Not Specified

*Do you live in the same household as a person diagnosed with Salmonellosis, Shigellosis, E. *coli* infection, Hepatitis A Virus, Norovirus or Amebiasis?

○ Not Specified

○ Yes

◉ No

*Do you have a household member attending or working in a setting where there is a confirmed outbreak of Salmonellosis, Shigellosis, E. *coli* infection, Hepatitis A Virus, Norovirus o

○ Not Specified

○ Yes

◉ No

**Employee Reporting Agreement**

I AGREE TO REPORT to the person in charge FUTURE symptoms, infected wounds or lesions, diagnoses of any of the diseases and high-risk conditions listed above, or any other disease transmissible through food. I agree to comply with these reporting requirements, work restrictions or exclusions that may be imposed upon me, good hygienic practices, and if necessary, obtain medical clearance at my expense to work. I understand that failure to comply with the terms of this agreement could lead to action by the restaurant or a food or health regulatory authority that may jeopardize my employment and may involve legal action against me.

**Full Name**

Brandon Loeffler

*By entering my login **password** below, I confirm my **electronic signature.**

•••••••

**PREVIOUS PAGE**

**SUBMIT**

Print Preview   Next Task

© 2018 Brinker International All Rights Reserved                    Terms & Privacy | Fraud Alerts

14



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH   MY JOBPAGE   TASKS

**6 of 7 Tasks Completed**



| | | | | | |
|---|---|---|---|---|---|
| **1** | **2** | **3** | **4** | **5** | **6** |
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Pay Card Enrollment |
| Completed | Completed | Completed | Completed | Completed | Due Date: Jan 5, 2019 |

**7**

Prepare for your First Day

Completed



## Job: EY WOTC Test

**Pay Card Pay Card**
Mandatory fields are marked with a red indicator.

## PAYCARD REQUEST

Name

Brandon Loeffler

Social Security Number

▮▮▮▮▮▮▮

**Pay Card:**
**To learn more about Visa Total Pay Card click on this link - Pay Card FAQs**

\* I hereby authorize and request that the full amount of my paycheck be deposited directly into my Total Pay Card.

| No | ⌄ |
|---|---|

By accepting and using my TotalPay Card, I agree to be bound by the terms and conditions outlined in the TotalPay Card Cardholder Agreement. I hereby authorize ADP to credit any amounts owed to me, as instructed by my employer, by initiating credit entries to my TotalPay Card. In the event that ADP deposits funds erroneously to my TotalPay Card, I authorize ADP to debit my card for an amount not to exceed the original amount of the erroneous credit. This authorization is to remain in full force and effect until ADP has received written notice from me of its termination in such time and in such manner as to afford ADP reasonable opportunity to act on it.

**SUBMIT**

Print Preview   Next Task



Brandon Loeffler, you are signed in.

My Account Options
My Job Cart (0 items)
Sign Out

JOB SEARCH    MY JOBPAGE    TASKS

**7 of 8 Tasks Completed**



| | | | | | |
|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 |
| Welcome Message | Personal Info and eSig... | Getting Started Paperw... | Agreement to Arbitrate | Health Condition Form | Pay Card Enrollment |
| Completed | Completed | Completed | Completed | Completed | Completed |

| | |
|---|---|
| 7 | 8 |
| Onboarding Completed... | Prepare for your First Day |
| Due Date: Jan 5, 2019 | Completed |

## Job: EY WOTC Test

**Onboarding Completed - Hourly Onboarding Completed**

### Congrats!

Well hello there! According to this fancy high tech computer thingy, you've been working like a busy little bee. We couldn't let another minute go by without saying CONGRATS!

Odds are you've furrowed your brow a bit right alongside puffing up your chest. You're super excited, but have no idea why. Well, there's big news to share. You're done! Finished! Accomplished! Check a box off that to-do list, and celebrate with a couple of raise the roof moves. Your **onboarding process is now complete** , and we couldn't be more excited to unleash you on Brinker Nation.

After checking all those boxes and reading all those forms, the time has come to send you off to conquer the world. You should know you've got 3 days after you start to log in to the new hire portal to print or save any of those very exciting forms, but after the 3rd day we've got to close up shop and let some other newbie BrinkerHeads get their mouses clicking.

We hope this will make your first few weeks at Brinker an easier experience to navigate. Sometimes it's a little hard to figure out which end is up when you start somewhere new, and if this made that even a tiny bit easier then we can sleep good tonight. There are millions of Guests out there waiting for us: so go make your mark on Brinker Nation. And while you're at it, take five minutes of your day to step away from the computer and go meet someone you haven't met yet. Life is Short. Work Happy.

**SUBMIT**

Print Preview   Next Task

© 2018 Brinker International All Rights Reserved                                    Terms & Privacy | Fraud Alerts