UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SAVANNAH BARROWS,

                    **Plaintiff,**

                    **v.**

BRINKER RESTAURANT
CORPORATION,

                    **Defendant.**

_____

**5:19-cv-144
(GLS/ATB)**

## SUMMARY ORDER

Pending is plaintiff Savannah Barrows motion, pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, to set aside the court's February 18, 2021 Summary Order and corresponding judgment, (Dkt. No. 35), which granted defendant Brinker Restaurant Corporation's motion to dismiss and compel arbitration, (Dkt. Nos. 30, 31.)  For the reasons that follow, Barrow's motion is denied.

As the court has previously noted, Brinker met its burden of establishing "that the parties agreed to arbitrate pursuant to an agreement, which was electronically signed by Barrows."  (Dkt. No. 30 at 6.)  Although Barrows flatly denied "that she saw or electronically signed the arbitration agreement," she entirely failed to substantiate her denial in any way to

demonstrate a genuine issue of material fact. (*Id.* at 7)

In the instant motion, Barrows proffers "new" evidence in the form of a declaration from Shawn Hand, a former assistant manager at the restaurant. (Dkt. No. 35, Attach. 4.) Two things are noteworthy about the declaration: (1) it contradicts a previously filed one from Hand, (*compare* Dkt. No. 27, Attach. 5, *with* Dkt. No. 35, Attach. 4 ), and (2) the substance of the declaration makes no statement that is specific to Barrows.

Assuming, without deciding, that the Hand declaration constitutes "newly discovered evidence" within the meaning of Rule 60(b)(2), it fails to create a genuine issue of material fact. Specifically, Hand's assertions that assistant managers and managers would sometimes complete on-boarding documents for employees, (Dkt. No. 35, Attach. 4 ¶ 9), has no connection to Barrows, and does not specifically call into question her electronic signature. Therefore, relief pursuant to Rule 60(b)(2) is not warranted.

Accordingly, it is hereby

**ORDERED** that Barrow's Rule 60(b)(2) motion, (Dkt. No. 35), is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Summary Order on the parties.

**IT IS SO ORDERED.**

March 3, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge